EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Luis Díaz Vázquez y otros<br><br>Peticionarios<br><br>v.<br><br>Carlos Colón Peña y otros<br><br>Recurridos | Certiorari<br><br>2024 TSPR 113<br><br>214 DPR ___ |

Número del Caso:  AC-2023-0063


Fecha:  25 de octubre de 2024


Tribunal de Apelaciones:

    Panel III


Representante legal de la parte peticionaria:

    Lcdo. Thomas J. Ortiz Morales


Representante legal de la parte recurrida:

    Lcdo. Ramiro Rodríguez Ramos



Materia:  Ley para la reforma del proceso de permisos de Puerto Rico – La parte contra la que se presenta un recurso de *injunction* estatutario bajo el Art. 14.1 de la Ley no tiene que ser el dueño del inmueble en que se originan las acciones que motivan la reclamación judicial.



Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo.  Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| José Luis Díaz Vázquez y otros<br><br>Peticionarios<br><br>v.<br><br>Carlos Colón Peña y otros<br><br>Recurridos | AC-2023-0063 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 25 de octubre de 2024.

El caso que está hoy ante nuestra consideración nos exige clarificar el alcance del Art. 14.1 de la Ley para la reforma del proceso de permisos de Puerto Rico, Ley Núm. 161-2009, infra. En particular si la parte contra la que se presenta un recurso de injunction estatutario bajo el mencionado artículo tiene que ser obligatoriamente el dueño titular en el inmueble en que se originan las acciones que motivan la reclamación judicial. En virtud del propio Art. 14.1 y la normativa aplicable, contestamos en la negativa.

Expuesta la médula de la controversia, procedo a exponer los antecedentes fácticos que la originaron.

I

El 25 de octubre de 2022, el Sr. José L. Díaz Vázquez, su cónyuge, la Sra. Hilda Beltrán Cortés (señora Beltrán Cortés) y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, Peticionarios) presentaron una demanda jurada de injunction estatutario al amparo del Art. 14.1 de la Ley Núm. 161-2009, infra, en contra del Sr. Carlos Colón Peña (señor Colón Peña) y otros codemandados (en conjunto, Recurridos).[1] En síntesis, adujeron que los Recurridos realizaron una construcción y operan un taller de mecánica y pintura en una propiedad colindante a la suya sin contar con el permiso para ello, según es requerido por la Ley para la reforma del proceso de permisos en Puerto Rico, Ley Núm. 161-2009, 23 LPRA sec. 9011 et seq., (Ley Núm. 161-2009).[2] Añadieron que el señor Colón Peña depositó material de relleno que agravó el riesgo de inundación en los terrenos y que construyó una verja lateral colindante con la propiedad de los Peticionarios que no cumple con las

---

[1] Se incluyó a una codemandada de nombre desconocido y a la Sociedad Legal de Gananciales por ambos compuesta. Los Peticionarios presentaron también una Solicitud de Señalamiento para que se ordenara una vista evidenciaria dentro del término dispuesto en el Art. 14.1 de la Ley Núm. 161-2009, infra.

[2] Asimismo, los Peticionarios adujeron el incumplimiento con el Reglamento conjunto para la evaluación y expedición de permisos relacionados al desarrollo, uso de terrenos y operación de negocios; la Ley para el control de edificaciones en zonas susceptibles a inundaciones, Ley Núm. 3 de 1961, 23 LPRA sec. 225 et seq.; y el Reglamento Núm. 13 de la Junta de Planificación sobre áreas especiales de riesgo a inundación.

medidas y requerimientos de la ley.[3] Por consiguiente, solicitaron un injunction en virtud del Art. 14.1 de la Ley Núm. 161-2009, para que se le ordenara al señor Colón Peña remover todo el relleno depositado ilegalmente y a demoler la porción de la verja que excedía la altura permitida.

Luego de múltiples incidentes procesales, el 2 de noviembre de 2022, el señor Colón Peña presentó una Solicitud de desestimación. En resumen, alegó que no es el vecino de los Peticionarios, puesto que los dueños del predio colindante lo son sus padres, el Sr. Arístides Colón Navarro y la Sra. Carmen Milagros Peña Rivera (matrimonio Colón-Peña).[4] A su vez, sostuvo que la jurisdicción primaria es de la Oficina de Permisos del Municipio de Salinas donde se está dilucidando la Querella Núm. 2022-SRQ-0104 sobre los mismos hechos y alegaciones objeto de la demanda. Adujo,

---

[3]Los Peticionarios alegaron que sus predios ubican en zonas inundables.

[4]A pesar de que el señor Colón afirmó que el matrimonio Colón-Peña es el dueño titular del inmueble y que este fue adquirido por ellos en septiembre de 2021, este no acompañó su solicitud de desestimación con documentación en apoyo a dicha alegación. No fue hasta el 6 de febrero de 2023, que el señor Colón presentó copia de la Escritura de Compraventa como anejo de la moción en la que anunció la prueba documental que utilizaría durante la vista de injunction. De la referida Escritura de Compraventa surge que el inmueble adquirido por el matrimonio Colón-Peña es la parcela identificada con el número C-16 ubicada en el Sector Estero del Barrio Playita en Salinas. Véase, Recurso de Apelación, Exhibit X, pág. 37. Según la descripción de la propiedad que se hizo constar en la escritura, esta colinda por el lado Oeste con el predio de los Peticionarios. Íd., pág. 38.

además, que no procedía remedio alguno al amparo de la Ley Núm. 161-2009.

Así las cosas, el Tribunal de Primera Instancia calendarizó una vista evidenciaria y argumentativa para el 8 de febrero de 2023.

En el ínterin, los Peticionarios solicitaron autorización para enmendar la demanda con el fin de incluir como partes indispensables a los alegados titulares del inmueble,[5] que se presentara copia de la referida escritura de compraventa y que la vista de <u>injunction</u> se convirtiera en una sobre el estado de los procedimientos. Por su parte, el señor Colón Peña reiteró su petición de desestimación, se opuso a la solicitud de enmienda y solicitó se dejara sin efecto la vista señalada por razón de que, por no poder traerse otras partes a un procedimiento de esta naturaleza, procedía que se incoara un pleito por la vía ordinaria. El foro primario denegó la solicitud de conversión de vista a una de estado de los procedimientos.

Tras celebrar la vista, el Tribunal de Primera Instancia declaró <u>con lugar</u> la solicitud de desestimación

---

[5]Los Peticionarios incluyeron en esa misma fecha una <u>Demanda enmendada</u> jurada en la que alegaron que el señor Colón Peña y su cónyuge **efectuaban actos de posesión en el inmueble que colinda con su propiedad y que eran quienes operaban el negocio y realizaron la construcción sin permiso.** A su vez, adujeron que el matrimonio Colón-Peña podrían tener un interés titular en la propiedad con cuya anuencia y consentimiento los Recurridos actuaron.

del señor Colón Peña y autorizó la enmienda a la demanda para incluir al matrimonio Colón-Peña.[6]

Posteriormente, el 9 de marzo de 2023, el foro primario dictó una Sentencia parcial. En síntesis, concluyó que el procedimiento sumario bajo la Ley Núm. 161-2009 no cobijaba las reclamaciones respecto a la operación ilegal de un negocio, como tampoco los daños causados a un contador eléctrico o por el relleno en los predios, por lo que los Peticionarios debían presentar un recurso de injunction preliminar y permanente o un pleito ordinario. Resolvió, además, que los Peticionarios debieron presentar una moción de desistimiento por no ser el señor Colón Peña el dueño del inmueble y el solar en disputa en vez de aguardar a la celebración de la vista para solicitar la enmienda a la demanda con el fin de incluir codemandados adicionales, por lo que impuso el pago de honorarios de abogados.

Inconformes, los Peticionarios presentaron un recurso de Apelación en el Tribunal de Apelaciones. En este adujeron que el foro primario erró al desestimar la demanda en contra de los Recurridos siendo estos los poseedores de la propiedad colindante, quienes con sus actos y omisiones dieron vida a la causa de acción y por ser parte indispensable. De igual manera, señalaron que erró al

---

[6]El 8 de marzo de 2023, el Tribunal de Primera Instancia dictó una Orden en la que reiteró la autorización a la presentación de la demanda enmendada y ordenó la expedición de emplazamientos dirigidos al matrimonio Colón-Peña y a la Sra. Jerrika Angleró Sánchez (cónyuge del señor Colón Peña). Empero, no autorizó el emplazamiento del señor Colón Peña.

determinar la inaplicabilidad del Art. 14.1 de la Ley Núm. 161-2009 a los hechos del pleito. Por último, arguyeron que abusó de su discreción al imponer el pago de honorarios.

El 30 de junio de 2023, el foro revisor intermedio dictó una <u>Sentencia</u> en la que confirmó el dictamen recurrido. En específico razonó que un remedio no era viable bajo la Ley Núm. 161-2009 por existir controversia respecto a los alegados daños a la propiedad de los Peticionarios. Añadió que el señor Colón Peña no es el propietario de los terrenos colindantes ni tiene un interés propietario en el solar, por lo que no era una parte indispensable. Finalmente, confirmó la imposición de honorarios por presentarse un pleito carente de méritos y razonabilidad.

Insatisfechos, los Peticionarios presentaron un recurso ante este Tribunal en el que plantean la comisión de los siguientes errores:

1. Erró el Tribunal de Apelaciones al confirmar la sentencia apelada concluyendo que la construcción de una verja sin permiso y excediendo los parámetros de ley, así como la operación de un negocio sin contar con los correspondientes permisos de las diferentes agencias reguladoras no constituyen acciones a las cuales le son aplicables los parámetros del Art.14.1 de la Ley Núm. 161-2009.
2. Erró al concluir que el señor Colón Peña, su cónyuge, la señora Angleró Sánchez y la Sociedad Legal de Gananciales no le es de aplicación el Art. 14.1 de la Ley Núm. 161-2009 por no tener un interés propietario en el inmueble objeto de la controversia.
3. Erró al concluir que a la luz de los hechos del caso procedía la desestimación al amparo de la Regla 10.2 de Procedimiento Civil, supra.
4. Erró al confirmar la imposición de honorarios de abogado e ignorar la

existencia de mérito y razonabilidad de la
causa de acción y el remedio solicitado.[7]

Por su parte, el señor Colón Peña presentó su alegato para, en esencia, argüir que el reclamo de los Peticionarios es frívolo, temerario y contrario a lo determinado por los foros recurridos. En particular argumentó que los Peticionarios no presentaron prueba testifical o documental en apoyo de sus alegaciones y que el recurso extraordinario al amparo de la Ley Núm. 161-2009 no está disponible en este caso por no haber un peligro grave, inminente o inmediato a la salud pública.

Evaluados los argumentos de ambas partes, procedemos a resolver el asunto, no sin antes pautar el Derecho aplicable que rige esta controversia.

**II**

**A.**

La Ley para la reforma del proceso de permisos de Puerto Rico, Ley Núm. 161-2009, supra, se aprobó con el propósito de reformar y transformar el sistema de obtención de permisos. Íd., Exposición de Motivos. A causa de ello, se estableció como política pública el mejorar la calidad y eficiencia de la administración de los procesos de evaluación de solicites para el otorgamiento, autorización o denegación de licencias, inspecciones, querellas, certificaciones, consultas, **autorizaciones y cualquier trámite necesario o que incida de forma alguna en**

---

[7]El recurso fue acogido como una petición de certiorari y expedido.

**la operación de un negocio en Puerto Rico**, así como determinaciones finales **y permisos para desarrollos de proyectos de construcción.** (Negrillas suplidas) Art. 1.2 de la Ley Núm. 161-2009, 23 LPRA sec. 9011 nota.

Por ello, hemos reconocido que la Ley Núm. 161-2009 "es la disposición legal que establece el marco jurídico y administrativo que rige la solicitud, evaluación, concesión y denegación de permisos por el Estado Libre Asociado de Puerto Rico". Laureano v. Mun. de Bayamón, 197 DPR 420, 433 (2017). Véase también, Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 236 (2014). Para cumplir con esto, se creó la Oficina de Gerencia de Permisos ("OGPe") como una Secretaría Auxiliar del Departamento de Desarrollo Económico y Comercio. Art. 2.1 de la Ley Núm. 161-2009, 23 LPRA sec. 9012.

Por medio de este estatuto se le transfirió a la OGPe la jurisdicción para evaluar, conceder y/o denegar permisos relacionados con el desarrollo de obras de construcción y el uso de terrenos. Esta ley también confirió dicha autoridad a ciertos Municipios Autónomos (con jerarquía I a la V a los cuales la Junta de Planificación les hubiese transferido mediante convenio de delegación parcial o total determinadas competencias sobre la ordenación territorial). Véase la Exposición de Motivos, Art. 8.1 de la Ley Núm. 161-2009, 23 LPRA sec. 9018.

En lo aquí pertinente, la Ley Núm. 161-2009 permite que una parte que tenga un interés propietario o personal

que pudiese verse afectado, pueda presentar una solicitud de recursos extraordinarios ante el Tribunal de Primera Instancia con el fin de solicitar la revocación de un permiso, la paralización de una obra, la demolición de obras, entre otros remedios. Art. 14.1 de la Ley Núm. 161-2009, LPRA sec. 9024. A esos fines, el Art. 14.1 dispone:

> La Junta de Planificación, así como cualquier Entidad Gubernamental Concernida, Municipio Autónomo con Jerarquía de la I a la V o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico en representación del interés público **o una persona privada, natural o jurídica, que tenga un interés propietario o personal que podría verse adversamente afectado**, podrá presentar una acción de **injunction**, mandamus, sentencia declaratoria, **o cualquier otra acción adecuada para solicitar:** 1) la revocación de un permiso otorgado, cuya solicitud se haya hecho utilizando información incorrecta o falsa; 2) **la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado;** 3) **la paralización de un uso no autorizado;** 4) **la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado.**
>
> **Indistintamente de haberse presentado una querella administrativa** ante la Junta de Planificación, Entidad Gubernamental Concernida, Municipio Autónomo con Jerarquía de la I a la V o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico, **alegando los mismos hechos, una parte adversamente afectada podrá presentar un recurso extraordinario en el Tribunal de Primera Instancia.** Una vez habiéndose presentado el recurso extraordinario al amparo del presente Artículo, **la agencia administrativa perderá jurisdicción automáticamente sobre la querella** y cualquier actuación que llevare a cabo con respecto a la misma será considerada ultra vires.

El Tribunal de Primera Instancia deberá celebrar vista dentro de un término no mayor de diez (10) días naturales desde la presentación del recurso y deberá dictar sentencia en un término no mayor de veinte (20) días naturales desde la celebración de la vista.

En aquellos casos en los cuales se solicite la paralización de una obra o uso, de ser la misma ordenada por el Tribunal, se circunscribirá única y exclusivamente a aquellos permisos, obras o uso impugnado, mas no a ningún otro que se lleve a cabo en la propiedad y que cuente con un permiso o autorización debidamente expedida.

El **Tribunal impondrá honorarios de abogados** contra la parte que presenta el recurso bajo este Artículo **si su petición resulta carente de mérito y razonabilidad** o se presenta con el fin de paralizar una obra o permiso sin fundamento en ley. Los honorarios de abogados bajo este Artículo será[n] una suma igual a los honorarios que las otras partes asumieron para oponerse a la petición judicial. En el caso que el Tribunal entienda que no es aplicable la presente imposición de honorarios de abogados, tendrá que así explicarlo en su dictamen con los fundamentos para ello. Las revisiones de los dictámenes bajo este Artículo ante el Tribunal de Apelaciones se remitirán a los paneles especializados creados mediante esta Ley y dicho foro tendrá 60 días para resolver el recurso de revisión desde la presentación del mismo. (Negrillas suplidas). Id.

De lo anterior, se desprende que el Art. 14.1 de la Ley Núm. 161-2009 instituyó un procedimiento especial reconocido en nuestro ordenamiento jurídico bajo el concepto de injunction estatutario.[8] Este recurso se

---

[8]"El injunction es un mandamiento judicial expedido por escrito, bajo el sello de un tribunal, por el que se requiere a una persona para que se abstenga de hacer, o de permitir que se haga por otras bajo su intervención, determinada cosa que infrinja o perjudique el derecho de

caracteriza por ser "un mecanismo estatutario, independiente, sumario y limitado", y cuyo propósito fundamental es "hacer viable la efectividad de las leyes y los reglamentos de planificación […]". Véanse, CBS Outdoor v. Billboard One, Inc., 179 DPR 391, 408 (2010); Plaza las Américas v. N & H, 166 DPR 631, 646 (2005); A.R.P.E. v. Rivera, 159 DPR 429, 443 (2003); Luan Investment Corp. v. Román, 125 DPR 533, 544 (1990).

De conformidad con la Regla 53 de Procedimiento Civil, supra, todos los procedimientos legales especiales, los recursos extraordinarios y cualquier otro procedimiento de naturaleza especial (que no esté incluido en las Reglas 54 a 60 de Procedimiento Civil, supra) "se tramitarán en la forma prescrita en el estatuto correspondiente" y se aplicarán las disposiciones de las Reglas de Procedimiento Civil en todo aquello que no resulte incompatible, ni esté en conflicto con dichos estatutos. Regla 53 de Procedimiento Civil, supra. Es decir, las reglas procesales aplicarán de manera supletoria en todo aquello que no sea incompatible con el estatuto que crea el procedimiento especial, como lo sería, por ejemplo, un injunction estatutario.[9]

---

otra". Art. 675 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3521.

[9]Así, por ejemplo, al evaluar el injunction tradicional en virtud de la Regla 57 de Procedimiento Civil, supra, comenta el Profesor Hernández Colón que todo lo referente a las partes, el emplazamiento, las alegaciones, el descubrimiento de prueba, el juicio, etc., se gobierna por las Reglas de Procedimiento Civil en tanto y en cuanto éstas no conflijan con la naturaleza sumaria del remedio. R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho

Si bien la Ley Núm. 161-2009 derogó la Ley Núm. 76 de 24 de junio de 1975, conocida como Ley orgánica de la Administración de Reglamentos y Permisos (ARPe), 23 LPRA ant sec. 71 et seq., al examinar el Art. 28, el cual estatuía un procedimiento especial homólogo al del actual Art. 14.1, reconocimos que

> [l]as órdenes de paralización emitidas al amparo del procedimiento especial constituyen un remedio con cierta afinidad a los injunctions preliminares. Sin embargo, no gozan de la finalidad que caracteriza a los injunctions permanentes. Las órdenes de paralización emitidas al amparo del procedimiento especial son un remedio estatutario e independiente del injunction tradicional.
>
> Los requisitos del injunction tradicional son más rigurosos que los requisitos exigidos al injunction estatutario. Para invocar el injunction estatutario reconocido en el Art. 28 de la Ley Núm. 76, supra, sólo se requiere que una parte legitimada alegue, por petición jurada, que: (1) determinada persona está realizando un uso u obra; (2) esa conducta viola una ley o un reglamento de planificación, y (3) ARPe tiene la obligación de velar por el cumplimiento de esa disposición. CBS Outdoor v. Billboard One, Inc., supra, pág. 409 (citas omitidas).[10]

Procesal Civil, 6ta Ed., San Juan, LexisNexis, 2017, págs. 595-596.

[10]Recordemos que al decidir si se expide una orden de entredicho provisional o injunction preliminar en virtud de la Regla 57 de Procedimiento Civil, supra, el tribunal deberá considerar, entre otros, los siguientes factores: (a) la naturaleza del daño a que está expuesto la parte peticionaria; (b) la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley; (c) la probabilidad de que la parte promovente prevalezca; (d) la probabilidad de que la causa se torne en académica; (e) el impacto sobre el interés público del remedio que se solicita, y (f) la diligencia y la buena fe con que ha obrado la parte peticionaria. Regla 57.3 de Procedimiento Civil, supra. Véanse, además, Next Step Medical v.

Entiéndase, el injunction estatutario para ordenar la paralización o demolición de un uso u obra o la revocación de un permiso al amparo del Art. 14.1 de la Ley Núm. 161-2009 no se rige por los requisitos y criterios rigurosos que aplican al injunction tradicional en virtud de la Regla 57 de Procedimiento Civil, *supra*, ni tampoco se le pueden oponer las defensas tradicionales de la equidad. CBS Outdoor v. Billboard One, Inc., *supra*, pág. 409. De esta forma, hemos reconocido que cuando se solicita un injunction fundamentado en un estatuto, lo determinante preliminarmente es si la situación está o no cobijada por dicho estatuto. Cobos Liccia v. DeJean Packing Co., Inc., 124 DPR 896, 903 (1989).

En otras palabras, este remedio —al ser de carácter estatutario y no surgir de la equidad— procede cuando se demuestre que la obra o el uso no cuenta con las autorizaciones y los permisos correspondientes o que se realizó en contravención a lo dispuesto en el permiso concedido.[11] En fin, aunque este procedimiento especial

_____

Bromedicon, et al., 190 DPR 474, 487 (2014); Asoc. De Vecinos de Villa Caparra v. Asoc. Fomento Educativo, 173 DPR 304 (2008); Pérez Vda. Muñiz v. Criado, 151 DPR 355 (2000); Municipio de Ponce v. Gobernador, 136 DPR 776 (1994); P.R. Telephone Co. v. Tribunal Superior, 103 DPR 200, 202 (1975); Franco v. Oppenheimer, 40 DPR 153 (1929). Véase, J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 3ra ed., Ponce, Editorial Nomos, S.A., 2023, págs. 458-467.

[11] La Ley Núm. 161-2009 define el Permiso Único como el "[p]ermiso para el inicio o continuación de la operación de un negocio, construcción y/o actividad incidental al mismo en el que se consolida permisos, licencias,

provee para un remedio estatutario que tiene cierta afinidad con un <u>injunction</u> preliminar, no le aplica el mismo rigor de ese recurso ni tampoco tiene la finalidad de un <u>injunction</u> permanente. Véase, además, <u>Next Step Med. v. Bromedicon</u>, supra, pág. 497.

Por otra parte, y en lo aquí material, los <u>injunctions</u> constituyen un remedio <u>in personam</u>, puesto que la sentencia o el mandamiento que se expida va dirigido contra la persona demandada o contra quien se dirija la acción y no contra sus bienes, ni en contra de la cuestión que es objeto del <u>injunction</u>. R. Hernández Colón, <u>op.cit.</u>, pág. 589; <u>Mari v. Junta de Planificación, Urbanización y Zonificación de P.R.</u>, 65 DPR 636 (1946) ("Arguye el apelante que la acción establecida es de carácter real y por tanto debe verse en Mayagüez. No estamos de acuerdo. La demanda es una de <u>injunction</u>, que es una acción <u>in personam</u> y no <u>in rem</u>. <u>Veve et al. v. The Fajardo Development Co.</u>, 15 DPR 577 [(1909)]…"). Íd., pág. 639.

---

autorizaciones o certificaciones, el cual será expedido por la Oficina de Gerencia de Permisos, o los Municipios Autónomos con Jerarquía de la I a la V, conforme a lo dispuesto en el Capítulo VIII de la Ley Núm. 161-2009. Art. 1.5 de la Ley Núm. 161-2009, 23 LPRA sec. 9011(59A). ("Todo edificio existente o nuevo, con usos no residenciales, así como todo negocio nuevo o existente, obtendrá el Permiso Único para iniciar o continuar sus operaciones, el cual incluirá: permiso de uso; certificación de exclusión categórica; certificación para la prevención de incendios; certificación de salud ambiental; licencias sanitarias; y cualquier otro tipo de licencia o autorización aplicable requerida para la operación de la actividad o uso del negocio"). Art. 8.4 A de la Ley Núm. 161-2009, 23 LPRA sec. 9018c-1.

**B.**

Nuestro ordenamiento procesal civil permite que una persona solicite la desestimación de una reclamación judicial presentada en su contra cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotará la pretensión del demandante. Eagle Sec. Police, Inc. v. Dorado, 211 DPR 70, 83 (2023) (citas omitidas).

En particular, la Regla 10.2 de Procedimiento Civil, supra, establece que una parte demandada puede presentar una moción de desestimación en la que alegue las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable. Conde Cruz v. Resto Rodríguez, 205 DPR 1043, 1066 (2020). González Méndez v. Acción Social, 196 DPR 213, 234 (2016).

En lo aquí concerniente, hemos reconocido que, al resolver una solicitud de desestimación en virtud de esta Regla, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente. Eagle Sec. Police, Inc. v. Dorado, supra, pág. 84; Cobra Acquisitions, LLC v. Municipio de Yabucoa, 210 DPR 384, 396 (2022); González Méndez v. Acción Social, supra, pág. 234.

Por ello es norma reiterada que se exige evaluar las alegaciones conjuntamente para auscultar si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. Eagle Sec. Police, Inc. v. Dorado, supra, pág. 84; Cobra Acquisitions, LLC v. Municipio de Yabucoa, supra, pág. 396; González Méndez v. Acción Social, supra, pág. 234.

Como resultado, para que una parte demandada prevalezca al presentar una moción de desestimación en virtud de la Regla 10.2 (5), supra, debe establecer con toda certeza que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor. Rivera Sanfeliz et al. v. Jta. Dir. FirstBank, 193 DPR 38, 49 (2015); Ortiz Matías v. Mora Dev., 187 DPR 649, 654 (2013). Véase, J. Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo II, Publicaciones JTS, 2011, pág. 528. Ello, debido a que lo que se ataca es un vicio intrínseco de la demanda, no los hechos aseverados. R. Hernández Colón, op. cit., pág. 269.

A causa de lo anterior, hemos reiterado que una demanda no debe ser desestimada a menos que la razón para solicitar el remedio no proceda bajo supuesto de derecho alguno, ni pueda ser enmendada para subsanar cualquier posible deficiencia. Pressure Vessels of Puerto Rico vs. Empire Gas

de Puerto Rico, 137 DPR 497 (1994); Clemente González v. Departamento de la Vivienda, 114 DPR 763, 771 (1983).

### III

En síntesis, los Peticionarios aducen que los foros recurridos erraron al concluir: (1) que la construcción de una verja sin permiso y excediendo los parámetros estatutarios, así como la operación de un negocio comercial sin el correspondiente permiso de las entidades reguladoras, no constituyen acciones a las cuales les aplican los remedios extraordinarios dispuestos en el Art. 14.1 de la Ley Núm. 161-2009; (2) que a la luz de las alegaciones y los hechos del caso procedía la desestimación de la acción en contra del señor Colón Peña por este no poseer un interés propietario en el inmueble objeto de la controversia y colindante con el de los Peticionarios, y (3) que el pleito incoado carecía de mérito y razonabilidad, razón por la cual procedía imponerle a los Peticionarios el pago de honorarios de abogados. Adelantamos que los tribunales recurridos incurrieron en los errores señalados. Veamos.

### A.

Surge del derecho precitado que el Art. 1.2 de la Ley Núm. 161-2009, supra, estableció como política pública el mejorar la calidad y eficiencia en la evaluación de solicitudes para, entre otros, la operación de un negocio y los permisos para el desarrollo de proyectos de construcción. A su vez, reseñamos que el Art. 14.1 de tal

estatuto instituyó un procedimiento especial para que **una persona privada**, natural o jurídica, **que tenga un interés propietario o personal que podría verse adversamente afectado**, pueda presentar, entre otros recursos o acciones, una acción de **injunction** para solicitar, entre otros, "la paralización de un uso no autorizado" o "la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado". Íd.

En otras palabras, al presentarse un recurso de injunction en virtud de esta disposición, la parte demandante o peticionaria procura que el tribunal le ordene a la parte demandada que cese de incurrir en ciertas conductas, acciones o actividades que aparentan estarse realizando sin los correspondientes permisos y autorizaciones o en aparente violación al permiso concedido. Por consiguiente, se puede solicitar la paralización de un uso no autorizado, como lo sería el operar un negocio comercial sin contar con un permiso para ello, o la paralización y demolición de un proyecto de construcción realizado sin permiso. Art. 14.1 de la Ley Núm. 161-2009, supra. Véase, además el Art. 8.4 A de la Ley Núm. 161-2009, 23 LPRA sec. 918c-1.

Nótese que estas fueron, precisamente, las alegaciones presentadas por los Peticionarios tanto en la demanda jurada como en la demanda enmendada. Estos adujeron que el señor

Colón Peña construyó una verja sin permiso y en violación a la altura máxima permitida, que depositó material de relleno en zona inundable sin los permisos de las agencias e instrumentalidades pertinentes y que opera un negocio comercial de almacenaje, reparación y pintura de embarcaciones sin contar con permiso para ello.

A la luz del Derecho antes reseñado, se desprende con claridad que estas alegaciones constituyen el tipo de reclamo cobijado por el Art. 14.1 de la Ley Núm. 161-2009. De nuevo, este remedio estatutario está disponible para procurar la intervención judicial y de forma sumaria, independientemente de que puedan existir otros remedios o cursos de acción para reparar el agravio.

Por ello, determinamos que erraron los foros recurridos al dictaminar que los Peticionarios debían presentar un recurso de <u>injunction</u> preliminar o permanente en virtud de la Regla 57 de Procedimiento Civil, supra, y/o una reclamación mediante el procedimiento ordinario.[12]

---

[12]A su vez, tampoco tiene méritos la determinación de los foros recurridos respecto a que los presuntos daños alegados en la demanda jurada tornaban de plano en improcedente la causa de acción en virtud del <u>injunction</u> estatutario del Art. 14.1. Y es que, de una lectura sosegada tanto de la demanda original como de la demanda enmendada, surge que solamente se alegó que al realizarse la construcción de la verja los Recurridos le causaron daños al contador eléctrico de los Peticionarios y que tuvieron que incurrir en gastos para la reparación. No obstante, se clarifica que ni en la demanda original, ni la demanda enmendada surge alguna causa de acción de daños y perjuicios y/o reclamación monetaria respecto a estos presuntos daños.

En la alternativa, nada impediría que, cónsono con el principio de economía procesal que rige todo pleito ante nuestra consideración según consagrado en la Regla 1 de

**B.**

Resuelto que los reclamos de los Peticionarios estaban amparados bajo los remedios disponibles en el Art. 14.1, procedemos a considerar la desestimación de la acción en contra del señor Colón Peña bajo el fundamento de que no es el titular del inmueble colindante con el de los Peticionarios.

Según consignamos antes, el recurso de injunction, indistintamente de si se trata del clásico o es uno estatutario, es en esencia una orden emitida por el tribunal para requerirle a una persona natural o jurídica que se abstenga de hacer, o de permitir que se haga por otras bajo su intervención, determinada cosa que infrinja o perjudique el derecho de otra. Véase, Art. 675 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421. A su vez, el injunction es un remedio extraordinario que se caracteriza por su perentoriedad dirigida a evitar la producción de un daño inminente **o a restablecer el régimen de ley quebrantado por una conducta opresiva, ilegal o violenta.** Mun. De Loíza

---

Procedimiento Civil, supra, y la normativa respecto a la acumulación de reclamaciones consignada en la Regla 14 de Procedimiento Civil, supra, tal reclamo de daños, de haberlo, pudiera ser atendido mediante el procedimiento ordinario tras resolverse el asunto interdictal. Recordemos además que en materia de injunction estatutario no le es aplicable la exigencia de ausencia de un remedio adecuado en ley como requisito para su concesión a diferencia del injunction tradicional bajo la Regla 57 de Procedimiento Civil, supra. Véase, Next Step Medical v. Bromedicon, supra, págs. 498-499.

v. Sucns. De Suárez, 154 DPR 333, 366 (2001); Noriega v. Gobernador, 130 DPR 919, 932 (1992).

En ese sentido, el Art. 14.1 contiene un mandato legislativo expreso para viabilizar que ciertas personas, entidades o instrumentalidades tengan el acceso y la legitimación para acudir a los tribunales y vindicar un interés propietario o personal que podría verse adversamente afectado por las acciones o conducta de un tercero en aparente incumplimiento con las disposiciones de la Ley Núm. 161-2009 y sus reglamentos. De esta forma, se previenen las infracciones a las disposiciones de la Ley Núm. 161-2009, se protege la política pública de mejorar la calidad y eficiencia en materia de permisos y se protege el derecho al disfrute de la propiedad.[13]

A su vez, adviértase que la legitimación activa estatutaria con relación a la parte que puede incoar la acción judicial como demandante es que esta posea un interés propietario o personal que podría verse adversamente afectado si la parte demandada inició una obra sin contar con los permisos correspondientes, está realizando un uso

---

[13]Sobre este último, la Ley Núm. 161-2009, supra, dispone que "[e]l derecho al disfrute de la propiedad, garantizado bajo la Constitución de los Estados Unidos de América y la del Estado Libre Asociado de Puerto Rico, es medular en el desarrollo socioeconómico de un pueblo y su búsqueda de la felicidad (Constitución de los Estados Unidos de América, Enmiendas Quinta y Decimocuarta; Constitución del Estado Libre Asociado de Puerto Rico, Art. II, Sección 7), y así deberán interpretarse las disposiciones de esta Ley a favor del derecho al pleno disfrute de la propiedad como derecho fundamental y amplio. Íd., Exposición de Motivos.

no autorizado, construyó unas obras sin el correspondiente permiso u obtuvo un permiso por medio de información incorrecta o falsa. Art. 14.1 de la Ley Núm. 161-2009, supra.

En cuanto a esto, y contrario a lo resuelto por los foros recurridos, **dicho estatuto no exige que la parte demandada posea un interés propietario o titular con respecto al inmueble o propiedad donde se alegue que se realizan las acciones o conductas que originaron la acción judicial**. Es decir, el Art. 14.1 no requiere que el procedimiento especial y sumario proceda únicamente en contra del titular o dueño del inmueble objeto de la controversia.

Retomando al estándar de adjudicación ante una moción de desestimación, mencionamos que nos corresponde examinar la solicitud bajo la Regla 10.2(5) de Procedimiento Civil, supra, de la forma más favorable a los Peticionarios, tomando como ciertos todos los hechos bien alegados en la demanda jurada que se puedan considerar como "hechos demostrativos" en virtud de la Regla 6.1 de Procedimiento Civil, supra, y formulando en su favor todas las inferencias que puedan asistirle.

En este caso en particular, también debemos considerar las alegaciones en atención al remedio particular solicitado por los Peticionarios y al procedimiento especial que invocaron al presentar la acción en virtud del injunction estatutario del Art. 14.1 de la Ley Núm. 161-

2009, supra. De esta forma, al tomar como ciertos los hechos bien alegados en la demanda jurada y en su enmienda y hacer todas las inferencias posibles a favor de los Peticionarios, se desprenden los siguientes posibles hechos demostrativos de la reclamación ante nos:

3. Por información y creencia los demandados adquirieron… [la] **propiedad que colinda con los demandantes** en o alrededor de junio de 2021.

4. Con el propósito de establecer y operar un negocio de cuidado y mantenimiento de embarcaciones marinas los demandados **depositaron cantidades sustanciales de material de relleno en el predio.**

5. Por información y creencia dicho material de relleno **fue depositado por los demandados sin contar con los correspondientes permisos** del Departamento de Recursos Naturales (DRNA).

[…]

7. En o en alrededor del mes de octubre de 2021 **el demandado Carlos Colón Peña comenzó a levantar una verja lateral colindante con la propiedad de los demandantes que no cumple con las medidas y requerimientos de Ley,** y bloquea el flujo de aire hacia la propiedad de los demandantes, e impide la visibilidad de esta.

[…]

9. La **parte demandada mantiene en su propiedad una operación comercial como parte de la cual se dedica a reparar y pintar embarcaciones.**

10. Por información y creencia se afirma que **dicha operación comercial carece de los permisos requeridos por ley.**

11. La **parte demandada hace uso de compresores de aire para la aplicación de pintura en las embarcaciones** lo que tiene el efecto de esparcir en el ambiente una nube de pintura fugitiva que inunda la residencia de los demandantes impidiéndoles el libre uso y disfrute de su vivienda y afectando seriamente su salud.

12. La codemandante señora Hilda Beltrán Cortés es sobreviviente de cáncer y paciente de asma.[14]

[…]

Similarmente, en la Demanda enmendada jurada que presentaron posteriormente los Peticionarios, además de incluir como codemandados al matrimonio Colón-Peña, padres del señor Colón Peña y titulares del inmueble colindante, también enmendaron ciertas alegaciones de las cuales se desprenden los posibles siguientes hechos demostrativos:[15]

**b.I. [E]l señor Colón Peña, su esposa, Jerikka Angleró Sánchez…están en posesión del inmueble que colinda con la propiedad de la parte demandante.**
b.II. Los esposos Carmen Milagros Peña Rivera y Arístides Colón Navarro…por información y creencia son los dueños de la propiedad que utilizan los poseedores antes mencionados.
[…]
5. Por información y creencia **los codemandados Carlos Colón Peña, su esposa, Jerrika Angleró Sánchez y la Sociedad Legal de Gananciales compuesta por ambos efectúan actos de posesión con la anuencia de los dueños de [sic] [la propiedad] y operan un negocio en la misma.**
6. Por información y creencia **los co- demandados el señor Carlos Colón Peña su esposa… con el propósito de establecer y operar un negocio de cuidado y mantenimiento de embarcaciones marinas depositaron cantidades sustanciales de material de relleno en el predio.**
[…]

---

[14] (Negrillas suplidas). Recurso de Apelación, Demanda, Apéndice III, págs. 17-18.

[15] Se presentan los hechos alegados en la Demanda original ya que el foro primario desestimó la acción en contra del señor Colón Peña el mismo día en que autorizó la presentación de la Demanda enmendada. Véase, Recurso de Apelación, Minuta, Exhibit XIV, pág. 54. No obstante, se clarifica que la Demanda enmendada se presentó dos (2) días antes de la celebración de la vista y antes de dictarse la Sentencia parcial por el foro primario.

9. En o en alrededor del mes de octubre de 2021 **el co-demandado Carlos Colón Peña comenzó a levantar una verja lateral colindante con la propiedad de los demandantes que no cumple con las medidas y requerimientos de Ley**…

[…]

11. La **parte co-demandada mantiene en su propiedad una operación comercial…la cual se dedica a reparar y pintar embarcaciones.**

12. Por información y creencia se afirma que **dicha operación comercial carece de los permisos** requeridos por ley.

13. En la operación de su negocio la parte co-demandada Carlos Colón Peña **hace uso de compresores de aire para la aplicación de pintura en las embarcaciones** lo que tiene el efecto de esparcir en el ambiente una nube de pintura fugitiva…[…][16]

Resolvemos que, contrario a lo resuelto por los foros recurridos, de una lectura sosegada de los escritos de los Peticionarios se desprenden alegaciones suficientes y bien hechas sobre la construcción de una verja, el depósito de relleno y la operación de un negocio comercial sin aparente permiso para ello **atribuibles al codemandado señor Colón Peña, que, de probarse en la vista evidenciaria para ello, pudieran dar lugar a la concesión de un remedio interdictal en virtud del Art. 14.1 de la Ley Núm. 161-2009. Lo aquí material,** y dada las alegaciones y particularidades de este caso, **no es quién es el titular del inmueble, sino quien presuntamente está en dominio, posesión y uso de este y a su vez está llevando a cabo el comportamiento que se busca proscribir mediante la intervención judicial.**

---

[16](Negrillas suplidas). Recurso de apelación, Demanda enmendada, Apéndice III, págs. 123-126.

Así las cosas, erraron los foros recurridos al desestimar la demanda en contra del señor Colón Peña bajo el fundamento que este no es el dueño del inmueble en controversia.[17]

## C.

En consecuencia, debemos resolver, además, que ambos foros recurridos también erraron al imponerle a los Peticionarios la suma de $3,000.00 en concepto de honorarios de abogado fundamentado en que la demanda de injunction estatutario careció de mérito y razonabilidad. A juicio de este Tribunal, su reclamo está cobijado bajo el Art. 14.1 de la Ley Núm. 161-2009 y, por ser los actos que se buscan proscribir alegadamente ejercidos por el señor Colón Peña, no fue irrazonable incluirlo como parte demandada.

## IV.

Por todo lo anterior, se revoca la Sentencia Parcial del Tribunal de Primera Instancia y la Sentencia del Tribunal de Apelaciones. En particular, se deja sin efecto la desestimación del recurso en contra del señor Colón Peña y la imposición de honorarios de abogados a los Peticionarios. En consecuencia, se devuelve el caso al

---

[17]Similarmente, debemos tener presente que la Regla 16.1 de Procedimiento Civil, supra, regula el mecanismo procesal para acumular una parte indispensable. Dicho estatuto pretende: (1) proteger a las personas ausentes de los posibles efectos perjudiciales que pueda ocasionarles la resolución del caso; (2) **emitir una determinación completa;** y (3) **evitar la multiplicidad de pleitos**. (Negrillas suplidas). Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Estado Libre Asociado de Puerto Rico, 211 DPR 521 (2023); RPR & BJJ, Ex parte, 207 DPR 389, 407 (2021).

Tribunal de Primera Instancia para que continúe con los procedimientos de forma compatible con lo aquí resuelto, con el procedimiento estatuido en el Art. 14.1 de la Ley Núm. 161-2009 y la normativa aquí discutida.

Se dictará Sentencia de conformidad.


                                    Luis F. Estrella Martínez
                                          Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| José Luis Díaz Vázquez y otros<br><br>Peticionarios<br><br>v.<br><br>Carlos Colón Peña y otros<br><br>Recurridos | AC-2023-0063 | Certiorari |

Sentencia

En San Juan, Puerto Rico, a 25 de octubre de 2024.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la Sentencia Parcial del Tribunal de Primera Instancia y la Sentencia del Tribunal de Apelaciones y se deja sin efecto la desestimación del recurso en contra del señor Colón Peña y la imposición de honorarios de abogados a los Peticionarios. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos de forma compatible con lo aquí resuelto, con el procedimiento estatuido en el Art. 14.1 de la Ley Núm. 161-2009 y la normativa aquí discutida.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre sin opinión escrita. El Juez Asociado señor Kolthoff Caraballo no intervino.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo