Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **ENGINEERING SERVICES INT'L LLC** Recurridos<br><br>v.<br><br>**GENERA PR, LLC**<br><br>Peticionarios | KLCE202500195 | **CERTIORARI** Procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Caso Núm.: **SJ2024CV06505** Salón 901<br><br>Sobre: **SENTENCIA DECLARATORIA** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de marzo de 2025.

Comparece ante nos la parte peticionaria, Genera PR, LLC, en adelante Genera PR o parte peticionaria, mediante un recurso de *certiorari* y nos solicita la revocación de la "*Resolución Recurrida*" emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, en adelante TPI-SJ, el 20 de diciembre de 2024. En la misma, el Foro Recurrido declaró *"No Ha Lugar"* a la moción de desestimación presentada por la parte la parte peticionaria.

Por los fundamentos que expondremos a continuación, *denegamos* expedir los mismos.

**I.**

El 13 de julio de 2024, se presentó una *"Petición Urgente de Sentencia Declaratoria y Solicitud de Vista"* por Engineering Services Int'l, LLC, en adelante ESI o parte recurrida, en el TPI-SJ, contra la parte peticionaria.[1] En la referida petición, solicitó que se dictara

---

[1] Apéndice del recurso, pág. 16.

una sentencia declaratoria, a los fines de que el Foro Primario determinara, como asunto de derecho, la aplicabilidad de las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante LPAUG, Ley Núm. 38-2017, 3 LPRA 9601 *et seq.* y la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, Ley Número 83 de mayo de 1941, en adelante, Ley 83-1941, 22 LPRA sec. 192 *et seq.* Esto con el fin, de que se garantizaran derechos en las operaciones, compra de bienes y servicios que realizara Genera PR.

Luego de varios trámites procesales, el 25 de septiembre de 2024, la parte peticionaria presentó una *"Moción de Desestimación".*[2] Planteó que, pese a que la parte recurrida solicitó que se emitiera una sentencia declaratoria, el TPI-SJ estaba impedido de conceder el remedio solicitado debido a que esto implicaría un acto inconstitucional de usurpación del Poder Legislativo en clara violación al principio constitucional de separación de poderes. En la referida moción, se anejó el "Procurement Manual"[3], que dispone los requisitos de Ley, para que se desestimara la reclamación.

Posteriormente, el 3 de octubre de 2024, el TPI-SJ ordenó a la parte recurrida a que se expresara sobre la *"Moción de Desestimación"* en un término de veinte (20) días.[4] En cumplimiento de orden, el 16 de octubre de 2024, la parte recurrida presentó *"Oposición a Moción [de] Desestimación".*[5] Arguyó que el manual presentado por la parte peticionaria no cumple con la disposición legal, debido a que las alegaciones expuestas presentan una controversia de derecho real, concreta y madura, por lo que,

---

[2] Apéndice del recurso, pág. 29.
[3] *Íd.,* pág. 42.
[4] SUMAC, entrada núm. 10.
[5] *Íd.*, pág. 401.

procedía que las mismas fueran resueltas mediante el mecanismo de sentencia declaratoria.

Luego, el 18 de octubre de 2024, la parte recurrida presentó "*Petición Urgente de Remedio Provisional*".[6] En la misma, solicitó que el Foro Primario emitiera una orden en contra de la parte peticionaria para que se abstuviera de continuar el trámite de contratación referente al *"REQUEST FOR PROPOSALS NO. 4302",* para el suministro de motores de 1000 HP referente a las bombas de circulación de aguas condensadas para las Unidades 5 y 6 de Costa Sur y las Unidades 1 y 2 de Aguirre, hasta que no se resolviese en los méritos el presente caso".[7]

Por último, el 30 de octubre de 2024, Genera PR presentó una réplica a la oposición de la parte recurrida.[8]

Examinados los planteamientos esbozados, el TPI-SJ, emitió el 20 de diciembre de 2024 una *"Resolución"* en la que declaró *"No Ha Lugar"*,[9] la moción de desestimación, razonando que ESI ampara su solicitud de sentencia declaratoria en varias causas de acción que permiten la continuación del caso.

Así las cosas, la parte peticionaria presentó, el 7 de enero de 2025, una *"Moción de Reconsideración"* en la que solicitó al foro primario que reconsiderara la *Resolución* del 20 de diciembre de 2024.[10] En virtud de lo anterior, el 29 de enero de 2025, el TPI-SJ declaró *"No Ha Lugar"* a la solicitud de reconsideración.

Inconforme con este resultado, la parte peticionaria recurre ante esta Curia mediante un recurso de *certiorari,* el 27 de febrero de 2025, haciendo los siguientes señalamientos de error:

> **PRIMER ERROR**: ERRÓ EL TPI AL NEGARSE A DESESTIMAR LA DEMANDA EN ESTA ETAPA DEL PROCESO POR ENTENDER QUE RESULTARÍA CONTRARIO A DERECHO.

---

[6] Apéndice del recurso, pág. 413.
[7] *Íd.*, pág. 150.
[8] *Íd.,* pág. 466.
[9] *Íd.*, pág. 1.
[10] *Íd.*, pág. 6.

**SEGUNDO ERROR**: ERRÓ EL TPI AL NEGARSE A DESESTIMAR LA DEMANDA TODA VEZ QUE COMO CUESTIÓN DE DERECHO GENERA PR ESTÁ EXENTA DE CUMPLIR CON LOS REQUISITOS DE LA LPAU Y LA LEY 83-1941.

**TERCER ERROR**: ERRÓ EL TPI AL NEGARSE A DESESTIMAR LA DEMANDA TODA VEZ QUE LA CONTROVERSIA SE TORNÓ ACADÉMICA PORQUE EL CONTRATO OBJETO DEL RFP 4032 SE FIRMÓ EL 27 DE NOVIEMBRE DE 2024.

A tenor con lo anterior, este Foro emitió una "*Resolución*" el 4 de marzo de 2025, donde le ordenó a la parte recurrida a presentar un escrito en oposición a la expedición del auto. No obstante, dicha parte no presentó su postura.

Perfeccionado el recurso ante nuestra consideración, precedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo

dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. De Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de

Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XXII-B, R. 40.
> *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023)

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martinez v. Torres Ghigliotty*, supra, pág. 98.

### B. Sentencia Declaratoria

La Regla 59.1 de Procedimiento Civil. 32 LPRA Ap. V, R. 59.1, faculta al Tribunal de Primera Instancia a declarar derechos, estados y otras relaciones jurídicas, aunque se haya instado o pueda instarse otro remedio. El tribunal podrá emitir una declaración afirmativa o negativa. Su determinación tendrá la eficacia y el vigor de las sentencias o resoluciones definitivas. Dicha norma, establece que no se estimará como motivo suficiente para atacar un procedimiento o una acción, el que se solicite una resolución o sentencia declaratoria. La finalidad de este recurso extraordinario es disipar una incertidumbre jurídica y contribuir a la paz social. *Senado de PR v. ELA*, 203 DPR 62, 71 (2019).  Le compete a la parte

promovente, demostrar la existencia o inminencia de un daño claro y real, no imaginario o hipotético. *Senado v. Tribunal Supremo y Otros,* 208 DPR 115, 134 (2021).

Asimismo, la *sentencia declaratoria* es un "mecanismo remedial y profiláctico que permite anticipar la dilucidación de los méritos de cualquier reclamación ante los tribunales, siempre y cuando exista un peligro potencial contra quien la solicita*". Alcalde de Guayama v. ELA,* 192 DPR 329, 333 (2015). Véase, además, *Moreno Ferrer v. JRCM,* 209 DPR 430, 459 (2022); *Rosario Rodríguez v. Rosado Colomer et al.*, 208 DPR 419, 427 (2021); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89,109 (2020). De igual forma, puede dictarse en procesos en los cuales "los hechos alegados demuestran que existe una controversia sustancial entre las partes que tienen intereses legales adversos, sin que medie lesión previa de los mismos". *Beltrán Cintrón et al. v. ELA et al.,* supra pág. 109, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., San Juan, Ed. Lexis Nexis, 2010, pág. 560. A su vez, se ha reconocido en nuestro ordenamiento jurídico, que la sentencia declaratoria es un mecanismo idóneo para adjudicar controversias de naturaleza constitucional. *Asoc. De Periodista v. González,* 127 DPR 704, 723-724 (1991).

### C. Moción de Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que una parte demandada en un pleito solicite la desestimación de la demanda presentada en su contra. *BPPR v. Cable Media*, 2025 TSPR 1, 215 DPR __ (2025); *Díaz Vázquez y otros v. Colón Peña*, 2024 TSPR 113, 214 DPR __ (2024); *González Méndez v. Acción Social de Puerto Rico,* 196 DPR 213, 234 (2016); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008). Esta, dispone que una parte demandada presentará una moción fundamentada

en: (1) la falta de jurisdicción sobre la materia; (2) la falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio** y; (6) dejar de acumular una parte indispensable. *Díaz Vázquez y otros v. Colón Peña*, supra; *Inmobiliaria Baleares, LLC y otros v. Benabe González*, 2024 TSPR 112, 214 DPR __ (2024); *Rivera Candela et. al. v. Universal Insurance*, 2024 TSPR 99, 214 DPR __ (2024); *Blassino Alvarado y otro v. Reyes Blassino*, 2024 TSPR 93, 214 DPR __ (2024); *Costa Elena y otros v. Magic Sport y otros*, 213 DPR 523, 533 (2024).

Para que proceda una moción al amparo de la Regla 10.2, supra, el Foro Primario deberá tomar como ciertos todos los hechos alegados en la demanda y considerarlos de la manera más favorables a la parte demandante. *Díaz Vázquez y otros v. Colón Peña*, supra; *Inmobiliaria Baleares, LLC y otros v. Benabe González*, supra; *Rivera Candela et. al. v. Universal Insurance*, supra; *Blassino Alvarado y otro v. Reyes Blassino*, supra; *Costas Elena y otros v. Magic Sport y otros*, supra, pág. 533; *Eagle Sec. Police, Inc. v. Dorado*, 211 DPR 70, 84 (2023); *Cobra Acquisition, LLC v. Mun. de Yabucoa et. al.*, 210 DPR 384, 396 (2022); *Bonnelly Sagrado v. United Surety & Indemity Company*, 207 DPR 715, 722 (2021). Es decir, al momento de evaluar una moción de desestimación, los tribunales deberán examinar los hechos alegados en la demanda de forma conjunta y de la forma más liberal posible a favor de la parte demandante. *Morales Rivera y otros v. Asociación de Propietarios de la Urb. Dorado del Mar*, 2024 TSPR 61, 213 DPR__ (2024); *Inmobiliaria Baleares, LLC y otros v. Benabe González*, supra; *Cruz Pérez v. Roldán Rodríguez et. al.*, 206 DPR 261, 267 (2021); *López García v. López García*, 200 DPR 50, 69 (2018). Bajo esta premisa, para que una moción de desestimación prospere, se tendrá que

demostrar de forma certera que el demandante no tiene derecho a remedio alguno, que pudiere probar en apoyo a su reclamación. *Díaz Vázquez y otros v. Colón Peña*, supra; *Inmobiliaria Baleares, LLC y otros v. Benabe González*, supra*; Cobra Acquisition, LLC v. Mun. de Yabucoa et. al.,* supra, pág. 398*; López García v. López García*, supra, pág. 70.

**III.**

En el caso de autos, la parte peticionaria recurre ante esta Curia mediante el recurso discrecional de *certiorari.* En apretada síntesis, Genera PR arguye que erró el foro primario al no desestimar como cuestión de derecho, al negar la desestimación puesto que Genera está exenta de cumplir con la Ley Núm. 38-2017 (LPAUG) y la Ley 83-1941.  Además, planteó que la controversia se había tornado académica.

Luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar el recurso de epígrafe, *denegamos* la expedición del *certiorari.*

Este Tribunal ha evaluado detenidamente el expediente, así como la normativa que encausa la controversia presentada en este recurso, y no podemos concluir que exista alguna causa de acción para desestimar el caso.

Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra, y los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, declinamos entrar en los méritos de la polémica ante nos.

**IV.**

Considerado el recurso de *certiorari* y amparados en el ejercicio discrecional que nos confiere el derecho estatutario y la

Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 para ello, *denegamos expedir el auto solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones