ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PASEOSOL<br><br>Peticionario<br><br>v.<br><br>LUIS GILBERTO CABRERA MEDINA; CARMELINA ÁLVAREZ GIBOYEAUX; Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES CABRERA-ÁLVAREZ<br><br>Recurridos | KLCE202500183 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV04082<br><br>Sobre:<br>Cobro de Dinero Ordinario, Ley Condominios; Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de marzo de 2025.

Este recurso de *certiorari* fue presentado el 24 de febrero de 2025, por la parte peticionaria, Consejo de Titulares del Condominio Villas de Paseosol (en adelante, Consejo de Titulares o peticionarios), que es la parte demandante en el Tribunal de Primera Instancia, Sala de San Juan (TPI).

La parte recurrida es Luis G. Cabrera Medina, Carmelina Álvarez Giboyeaux y la Sociedad Legal de Bienes Gananciales Cabrera-Álvarez.

Se presenta este recurso contra resolución del 22 de enero de 2025, notificada el 23 de enero de 2025, emitida por el TPI, en la cual dicho foro primario declaró No Ha Lugar la Moción de Desestimación de Reconvención, incoada ante el TPI por la parte aquí peticionaria.[1]

_____

[1] Ver págs. 236-237 del Apéndice.

Número Identificador

RES2025 _____

Se le concedió un término a la parte recurrida para comparecer y exponer su posición en torno a lo aquí peticionado y ya compareció y presentó su oposición. Resolvemos que no procede intervenir en esta etapa del caso, por lo que se deniega la expedición del auto solicitado.

Veamos.

## I.

La demanda de cobro de dinero se presentó el 6 de mayo de 2024 ante el TPI. Se reclamó alegado incumplimiento con la obligación estatutaria que impone la Ley de Condominios vigente, Ley 129-2020, según enmendada, de pago de cuotas de mantenimiento. El 24 de septiembre de 2024, los demandados aquí recurridos, presentaron Contestación a Demanda y Reconvención contra los demandantes aquí peticionarios.

Luego de varios incidentes procesales, que no es necesario detallar, el 15 de octubre de 2024, los demandantes presentaron Moción Solicitando Desestimación de la Reconvención.[2]

El 18 de noviembre de 2024, los aquí recurridos presentaron Réplica a "Moción Solicitando Desestimación de la Reconvención".[3] El 9 de diciembre de 2024, los aquí peticionarios presentaron una moción denominada "Réplica a Réplica a Moción Solicitando Desestimación de la Reconvención"[4] Luego surgieron otros eventos y reclamos y, el 15 de enero de 2025, notificada el 17 de enero de 2025, el TPI emitió Orden dando por sometidos los asuntos dispositivos en cuanto a la desestimación de la Reconvención. El 22 de enero de 2025, notificada el 23 de enero de 2025, el TPI emitió la Resolución contra la cual aquí se recurre,

---

[2] Ver págs. 33-42 del Apéndice.
[3] Ver págs. 44-47 del Apéndice.
[4] Ver págs. 49-133 del Apéndice.

mediante la cual decretó No Ha Lugar la Moción de Desestimación de Reconvención, presentada por la parte aquí peticionaria.[5]

Inconforme, el 24 de febrero de 2025, el Consejo de Titulares presentó el presente recurso y le imputó al TPI la comisión del siguiente error:

> Erró el Honorable Tribunal A Quo al No Desestimar la Reconvención del 24 de septiembre de 2024 por prescripción

Luego de examinar el expediente que nos ocupa, habiendo comparecido todas las partes, decidimos no expedir el auto solicitado.

## II.

## A.

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Banco Popular v. Gómez Alayón et al.,* 213 DPR 314, 339 (2023); *Rivera, et al. v. Arcos Dorados, et al.*, 212 DPR 194, 207-208 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v.*

---

[5] Ver págs. 236-237 del Apéndice.

*Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re*

*Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018).

A su vez, la denegatoria a expedir el auto de certiorari, no implica la ausencia de error en el dictamen cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Por el contrario, es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**B.**

La Regla 10.2 de Procedimiento Civil permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra. A tales efectos, la referida regla lee como sigue:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**; (6) dejar de acumular una parte indispensable.

32 LPRA Ap. V, R. 10.2. (Énfasis nuestro). Además, *BPPR. v. Cable Media*, 2025 TSPR 1, 215 DPR ___ 2025; *Díaz Vázquez y Otros v. Colón Peña*, 2024 TSPR 113, 214 DPR ___ (2024);

*Inmobiliaria Baleares, LLC y Otros v. Benabe González y Otros*, 2024 TSPR 112, 214 DPR ___ (2023).

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte que reclama un remedio, ya sea demanda o reconvención. *Díaz Vázquez y Otros v. Colón Peña*, supra; *Inmobiliaria Baleares, LLC y Otros v. Benabe González y Otros*, supra; *Rivera Candela Et Al v. Universal Insurance*, 2024 TSPR 99, 214 DPR ___ (2024); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013). La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Por lo tanto, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Pressure Vessels P.R. v. Empire Gas P.R.*, supra, pág. 505*.* Tampoco procede la desestimación de una demanda, si la misma es susceptible de ser enmendada*. Colón v. Lotería*, 167 DPR 625, 649 (2006).

### III.

Aquí se recurre de una Resolución que decreta No Ha Lugar a un reclamo de que se desestimara una reconvención por prescripción. Al evaluar todos los documentos en el expediente no

está claro cuándo nació el reclamo por el cual se realiza la reconvención y mucho menos si se interrumpió en algún momento el término prescriptivo aplicable a lo reclamado en la reconvención.

Así que, al tomar como ciertos los hechos bien alegados en la reconvención e interpretarlos de la manera más favorable a quienes presentaron la reconvención, concluimos que podría configurarse la concesión de algún remedio y no está claro el aspecto de si procede en esta etapa la defensa de prescripción o no. No debemos intervenir con la Resolución contra la que se recurre.

**IV.**

Por los fundamentos antes expuestos, no se expide el auto solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones