ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ALEXIE J. VÉLEZ ESTRADA Y LA SOCIEDAD LEGAL DE GANANCIALES Y OTROS<br><br>APELANTES<br><br>V.<br><br>MUNICIPIO AUTÓNOMO DE CAGUAS Y OTROS<br><br>APELADOS | KLAN202500316 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Caguas<br><br>Casos Núms.<br>CG2021CV00901<br>CG2021CV00904<br>CG2021CV00906<br>CG2021CV00912<br>CG2021CV00916<br>(Consolidados)<br><br>Sobre:<br>Responsabilidad con Invitados |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de junio de 2025.

Comparecen ante nos, Alexie J. Vélez Estrada; Jessica M. Torres Negrón; la Sociedad Legal de Bienes Gananciales compuesta por estos; Jelexie G. Vélez Torres; Ivelissa Báez Hernández; Antonia Hernández Alejandro; Frankie Coss Flores; Alberto Duval Méndez; Ivelisse García Quiles; Eddierick Duval García; Raúl Guadalupe Báez; Alberto Rivera Rodríguez; Elsandra Rivera Rivera; Alberto Rivera Rodríguez, (en adelante, en conjunto, "la parte apelante" o "demandantes"). Solicitan nuestra intervención para que dejemos sin efecto la "*Sentencia*" emitida el 10 de diciembre de 2024 y notificada el 11 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante dicha "*Sentencia*" el referido tribunal declaró *Ha Lugar* la "*Moción de Desestimación*," presentada por el Municipio Autónomo de Caguas (en lo sucesivo, "Municipio de Caguas").

Por los fundamentos que expondremos a continuación, *revocamos* la determinación recurrida. En consecuencia, devolvemos el caso al

Número Identificador
SEN2025 _____

tribunal de instancia para la continuación de los trámites atinentes al descubrimiento de prueba.

**I.**

El tracto procesal del presente recurso inició con la "*Demanda,*" que el 15 de abril de 2021, presentaron los codemandantes Alexie J. Vélez Estrada y Jessica M. Torres Negrón, por sí y en representación de su hija menor Jelexie G. Vélez Torres; y la Sociedad Legal de Bienes Gananciales compuesta por ambos. La referida "*Demanda*" fue presentada a través del número de caso: CG2021CV00901. El resto de las demandas fueron presentadas en la fecha de 2 de julio de 2021 dentro de los casos de designación alfanumérica siguiente: CG2021CV00904; CG2021CV00906; CG2021CV00912; CG2021CV00914; y CG2021CV00916.[1]

En la misma fecha de 2 de julio de 2021, el Municipio de Caguas presentó ante el foro sentenciador una "*Moción en Solicitud de Consolidación.*" Mediante esta, peticionó que las referidas causas de acción fueran consolidadas bajo el número de caso CG2021CV00901. El 22 de julio de 2021 el foro sentenciador autorizó la consolidación peticionada.

Los hechos que motivaron las demandas presentadas por la parte apelante se relatan a continuación. El Municipio de Caguas contaba con las instalaciones de un parque conocido como "*Moisty Skate and Family Park,*" (en lo sucesivo, "el parque"). Dicho parque fue cerrado en el año 2013. Surge de las reclamaciones instadas, que las estructuras del parque se fueron deteriorando debido a que alegadamente el Municipio de Caguas no realizaba un mantenimiento adecuado de estas. Según sostuvo la parte apelante, el deterioro de las estructuras propició que el parque se convirtiera en un centro de exploración para jóvenes, quienes entran al parque por las historias y rumores relacionados al lugar.

---

[1] Es preciso señalar, que el 11 de mayo de 2023, la parte apelante presentó una "*Moción de Desistimiento Parcial sin Perjuicio.*" Mediante esta, solicitó que se autorizara el desistimiento sin perjuicio de los casos de designación alfanumérica CG2021CV00906 y CG2021CV00914. La referida petición fue declarada *Ha Lugar* mediante la "*Sentencia Parcial*" notificada el 16 de mayo de 2023.

Así las cosas, relató la parte apelante que el 19 de enero de 2021, un grupo de jóvenes entre diecinueve (19) y veinte (20) años entró en horas de la noche a las instalaciones del parque. Aseveró, que en dicho parque el grupo juvenil se encontró a un prófugo de la justicia el cual comenzó a lanzar disparos. Debido a ese lamentable suceso tres (3) de los jóvenes visitantes sufrieron heridas letales. Ante tales hechos, la parte apelante sostuvo que el Municipio de Caguas incurrió en negligencia. La razón de ello, según argumentó, se debe a que el referido municipio tenía conocimiento de que el autor criminal se alojaba en las inmediaciones del aludido parque. También argumentó, que dicho municipio abandonó el parque y no removió las estructuras de máquinas de diversión que son atrayentes para los jóvenes. A su vez, arguyó que las verjas que restringen el acceso están averiadas, lo que facilita la entrada de las personas a las instalaciones del parque. De igual modo, alegó que el Municipio de Caguas no ejerce una seguridad preventiva adecuada, lo que provoca que personas se instalen en los predios del parque.

Al amparo de las alegaciones expuestas, la parte apelante reclamó una compensación en daños extracontractuales para los familiares y amigo de los fallecidos y jóvenes sobrevivientes. A su vez, peticionó costas, gastos, intereses legales y honorarios de abogado.

En reacción, el 27 de diciembre de 2021, el Municipio de Caguas presentó "*Contestación a Demanda*."[2] En esencia, negó las alegaciones principales de las causas de acción incoadas. Aseveró que dichas alegaciones están sujetas al descubrimiento de prueba y que no había concluido su investigación de los hechos relatados en las reclamaciones. Sostuvo, que no había cometido acto negligente alguno, y que le corresponde a la parte apelante probar cada una de sus causas de acción. Además, levantó como defensas afirmativas que la parte apelante incurrió

---

[2] Es preciso señalar, que en dicha fecha el Municipio de Caguas presentó cinco (5) alegaciones responsivas individuales e intituladas "*Contestación a Demanda*." Estas se dirigieron a responder únicamente las reclamaciones de los siguientes casos consolidados: CG2021CV00901; CG2021CV00904; CG2021CV00906; CG2021CV00914; y CG2021CV00916

en asunción de riesgo; que la demanda no expone una reclamación que justifique la concesión de un remedio; que no existe relación causal; entre otras defensas.

Tras varios escritos de las partes a los efectos de solicitarle al foro sentenciador que interviniese en el descubrimiento de prueba del caso, el 6 de julio de 2023, el Municipio de Caguas presentó "*Solicitud de Extensión de Descubrimiento de Prueba.*" Mediante esta, adujo que la parte apelante no había entregado las contestaciones de interrogatorio requeridas, y que ello provocaba que la toma de deposiciones se viera afectada. A tenor de lo anterior, peticionó que se extendiera el descubrimiento de prueba del caso. Ante dicha petición, el 7 de julio de 2023, el foro sentenciador notificó una "*Orden.*" Mediante esta, declaró *Ha Lugar* la "*Solicitud de Extensión de Descubrimiento de Prueba.*"

Así las cosas, el 9 de noviembre de 2023, el foro sentenciador celebró "*Vista sobre el Estado de los Procedimientos.*" La "*Minuta*" de la aludida vista se notificó el 10 de noviembre de 2023. Surge de la referida "*Minuta,*" que la parte apelante argumentó que queda pendiente el descubrimiento de prueba en torno a la cuestión de la previsibilidad de los hechos ocurridos. Por su parte, el Municipio de Caguas se amparó en su ausencia de responsabilidad. Aseveró, que brinda mantenimiento a las estructuras del parque y que sus instalaciones permanecen cerradas con verja y candado. Finalmente, en la aludida "*Minuta*" se esbozaron las siguientes expresiones del foro sentenciador:

> El Tribunal se reitera en que el grado de previsilidad que tiene que convencer a este foro para que sea responsable el municipio que debió haber tomado una acción porque era previsiblemente probable que eso fuera a ocurrir, no lo ve en este caso. Ante ello, se concede el **término de 30 días** a la licenciada Rivera para que presente una Moción de Desestimación y el término que establecen las reglas al licenciado Cacho para replicar. Dependiendo de lo que ocurra, se calendarizará el caso.

Así pues, el 21 de noviembre de 2023, el Municipio de Caguas presentó "*Moción de Desestimación.*" En síntesis, solicitó la desestimación de las reclamaciones entabladas a tenor de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Planteó, que las alegaciones de la demanda

no justifican la concesión de un remedio; que es de aplicabilidad la doctrina de asunción de riesgo; y que los hechos ocurridos no eran previsibles para el Municipio de Caguas. Sostuvo las referidas alegaciones bajo los fundamentos de que el parque permanecía cerrado al público; que los progenitores de los jóvenes tenían la responsabilidad de cuidar a sus hijos menores de edad; que los jóvenes entraron en las instalaciones del parque bajo su propio riesgo; y que los actos culposos fueron realizados por un tercero. En virtud de lo expuesto, peticionó la desestimación de las causas de acción.

En respuesta, el 22 de diciembre de 2023, la parte apelante presentó "*Oposición a Moción de Desestimación*."[3] Aseveró, que el Municipio de Caguas fue negligente al no proveer una seguridad adecuada para el parque. Además, argumentó que el referido municipio tenía conocimiento de que había personas que entraban al parque y utilizaban las estructuras abandonadas de éste. A su vez, sostuvo que dicho municipio tenía conocimiento de que un individuo pernoctaba en el parque y aun así no le obligó a abandonar el lugar. También planteó que existe controversia sobre si el municipio realiza el mantenimiento de las estructuras del parque. Agregó, que el Municipio de Caguas incumplió con sus deberes de vigilancia y protección a la ciudadanía. A tenor de lo expuesto, solicitó que se declarara *No Ha Lugar* la "*Moción de Desestimación*."

El 8 de enero de 2024, el foro sentenciador dio por sometido el asunto con la "*Oposición a Moción de Desestimación*" de la parte apelante. Así pues, en atención de los escritos presentados, el 11 de diciembre de 2024, el referido foro notificó la "*Sentencia*" que hoy nos ocupa. Mediante esta, declaró *Ha Lugar* la "*Moción de Desestimación*," presentada por el Municipio de Caguas.

---

[3] Acompañó su escrito con los siguientes documentos: copia de una noticia del periódico *El Vocero de Puerto Rico*, intitulada "*Un abandono que cuesta: el parque acuático donde fueron asesinados tres jóvenes cerró sus puertas en el 2013*" de fecha de 21 de enero de 2021; Declaración Jurada suscrita por Gil Ramón Calderón Rivera en fecha de 10 de febrero de 2021; y Declaración Jurada suscrita por Ana María Martínez Orama de fecha de 10 de febrero de 2021.

El 25 de diciembre de 2024, el Municipio de Caguas presentó una "*Reconsideración*" en la que peticionó la imposición de honorarios de abogado por temeridad. En la misma fecha, la parte apelante presentó "*Solicitud de Reconsideración*" en la que reiteró que procedía que la "*Moción de Desestimación*" se declarase *No Ha Lugar*. Ambas solicitudes fueran declaradas *No Ha Lugar* mediante notificación a las partes de fecha de 11 de febrero de 2025.

En desacuerdo, el 14 de abril de 2025, la parte apelante presentó oportunamente ante esta Curia una "*Apelación*." Mediante esta, esbozó el siguiente señalamiento de error:

> Incurrió en error craso y manifiesto al desestimar la demanda bajo la Regla 10.2 inciso (5) de Procedimiento Civil, cuando el apelante presentó una oposición fundamentada en materias no contenidas en la alegación impugnada, y éstas no fueron excluidas por el tribunal, lo que requería que se tomara como una solicitud de sentencia sumaria, y que se ordenara el descubrimiento de prueba y la celebración de juicio plenario, según lo dispone la propia regla 10.2 de procedimiento civil.

**II**.

**A.    Desestimación al amparo de la Regla 10.2(5)**:

La Regla 10.2 de las Reglas de Procedimiento Civil, establece que antes de presentar una alegación responsiva, la parte demandada puede instar una moción en la que solicite la desestimación de la demanda instada en su contra. *Aut. de Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). En lo pertinente, la referida regla dispone que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) Falta de jurisdicción sobre la materia; (2) Falta de jurisdicción sobre la persona; (3) Insuficiencia del emplazamiento; (4) Insuficiencia del diligenciamiento del emplazamiento; (5) **Dejar de exponer una reclamación que justifique la concesión de un remedio;** (6) Dejar de acumular una parte indispensable. 32 LPRA Ap. V., R.10.2.

Conforme dispone el inciso (5) de la precitada regla se podrá solicitar la desestimación de una demanda por el fundamento de que ésta no esboza una reclamación que justifique la concesión de un remedio. Regla 10.2 (5) de las Reglas de Procedimiento Civil, *supra*. Es decir, lo que se impugna es la suficiencia jurídica de las alegaciones para obtener algún

remedio legal, no la veracidad de lo alegado, ni la capacidad del demandante para probarlo.

Al adjudicar una moción a base de este fundamento los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorables a la parte demandante. *Costas Elena y otros v. Magic Sport* y otros, 213 DPR 523, 534 (2024); *López García v. López García*, 200 DPR 50, 69 (2018). En particular, el tribunal debe tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Accurate Sols v. Heritage Environmental*, 193 DPR 423, 433 (2015). Ello es así ya que, según indicamos anteriormente, lo que se ataca con esta moción es un vicio intrínseco de la demanda, no los hechos aseverados. *Íd.*

Entonces, para que proceda una moción de desestimación, la parte demandada tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. (Citas omitidas). *Rivera Candela y otra v. Universal Insurance Company*, 2024 TSPR 99; *López García v. López García,* supra. No procede la desestimación si la demanda es susceptible de ser enmendada. *Díaz Vázquez y otros v. Colón Peña y otros,* 2024 TSPR 113; *Accurate Sols. v. Heritage Environmental*, supra*; Aut. de Tierras v. Moreno & Ruiz Dev. Corp.*, supra. Solo en casos extremos, se debe privar a un demandante de su día en corte. *Íd.*

**B.    Sentencia Sumaria:**

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico*, Inc., 2025 TSPR 1; *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023);

*León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769, 784 (2016).

Así pues, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e); *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp.,* 2025 TSPR 6; *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601, 611-612 (2023). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA,* 200 DPR 929, 941 (2018). De igual modo, como regla general, no es aconsejable disponer de los casos por la vía sumaria cuando exista controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia. *Jiménez Soto v. Carolina Catering Corp.*, 2025 TSPR 3. El examen de una solicitud de sentencia sumaria debe estar guiado por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la privación del derecho de todo litigante a su día en corte. *Ramos Pérez v. Univisión*, 178 DPR 200, 216-217 (2010).

De otra parte, al igual que el Tribunal de Primera Instancia, este Tribunal de Apelaciones se rige por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.7, y su jurisprudencia al determinar si procede o no una sentencia sumaria. Ello quiere decir que debemos realizar una revisión *de novo* y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico,* 212 DPR 335, 353 (2023)*; Meléndez González et al v. M Cuebas*, 193 DPR 100, 118 (2015).

Nuestra evaluación está limitada a la consideración de la evidencia que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, supra. Además, verificamos si en realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119.

**C. Conversión de una moción de desestimación en una solicitud de sentencia sumaria:**

La conversión de una moción de desestimación a una petición de sentencia sumaria puede ocurrir cuando el promovente o el promovido de la solicitud somete materia que no formó parte de las alegaciones. *Torres Capeles v. Rivera Alejandro*, 143 DPR 300, 309 (1997). Estas materias pueden surgir de deposiciones, admisiones certificaciones y contestaciones a interrogatorio. *Id.* El tribunal tiene discreción para aceptar o denegar la prueba que acompaña al escrito del promovente o promovido. *Id.* Si el Tribunal guarda silencio sobre la materia incluida en la oposición a moción de desestimación y no convierte la moción de desestimación en una solicitud de sentencia, los foros apelativos podrán denegar la moción desestimación y devolver el caso al tribunal de instancia. *Id.* Esto, en los casos en que exista una controversia que no pueda resolverse sumariamente. *Id.*

**III.**

En el caso presente, la parte apelante sostiene que su causa de acción no debió adjudicarse sumariamente. Argumenta, que la "*Oposición a Moción de Desestimación*" presentó materias no contenidas en la alegación impugnada que no fueron excluidas por el foro sentenciador, y que lograron convertir la solicitud de desestimación en una petición de sentencia sumaria. A luz de lo anterior, adujo que el caso presenta elementos de negligencia y nexo causal que impiden la disposición sumaria

de la reclamación. Finalmente, nos peticionó que revoquemos la determinación recurrida y devolvamos el caso al tribunal de instancia para la continuación de los procedimientos relativos al descubrimiento de prueba.

Por su parte, el Municipio de Caguas se expresa en favor de la desestimación de la reclamación instada por la parte apelante. El referido municipio alude a los méritos de la controversia y asevera que los hechos ocurridos no le eran previsibles. Añade, que el grupo de jóvenes incurrió en asunción de riesgo. De otra parte, sostiene que la oposición de la parte apelante no plantea nuevas materias y que la aducida negligencia no requiere descubrimiento de prueba. Por consiguiente, asevera que la "*Sentencia*" dictaminada es conforme a derecho.

La controversia ante nuestra consideración se circunscribe meramente a un asunto de naturaleza procesal civil. La referida controversia nos invita a analizar la procedencia de una adjudicación sumaria del pleito con consecuencia desestimatoria en una etapa procesal en la que no se ha concluido el descubrimiento de prueba. Tras evaluar cuidadosamente el expediente físico y el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del caso de epígrafe, concluimos revocar la "*Sentencia"* recurrida. En consecuencia, devolvemos el caso al tribunal de instancia para la continuación del descubrimiento de prueba.

En el caso *Torres Capeles v. Rivera Alejandro*, supra nuestro más Alto Foro tuvo ante su consideración un asunto procesal parecido al que hoy nos ocupa. En aquella ocasión, el tercero demandado presentó una moción de desestimación bajo el fundamento de que la causa de acción presentada por la tercera demandante no contenía una reclamación que justificara la concesión de un remedio. Por su parte, la tercera demandante radicó una oposición acompañada de materia no contenida en la alegación impugnada. Al igual que en el caso de epígrafe, el tribunal de instancia nada indicó respecto a la materia nueva incluida en la oposición a moción

de desestimación. Tampoco convirtió la petición de desestimación en una solicitud de sentencia sumaria. Tras evaluar la documentación ante su consideración, el Tribunal Supremo concluyó que no procedía la adjudicación sumaria del caso. En consecuencia, denegó la desestimación presentada y devolvió el caso al foro de instancia para continuar el descubrimiento de prueba.

En el presente caso, el Municipio de Caguas presentó una "*Moción de Desestimación*" al amparo de la regla 10. 2(5) de Procedimiento Civil, *supra*. La parte apelante se opuso al referido petitorio y acompañó su oposición con materia no contenida en la referida "*Moción de Desestimación*". Específicamente presentó los siguientes documentos: copia de una noticia del periódico *El Vocero de Puerto Rico*, intitulada "*Un abandono que cuesta: el parque acuático donde fueron asesinados tres jóvenes cerró sus puertas en el 2013*" de fecha de 21 de enero de 2021; Declaración Jurada suscrita por Gil Ramón Calderón Rivera en fecha de 10 de febrero de 2021; y Declaración Jurada suscrita por Ana María Martínez Orama de fecha de 10 de febrero de 2021. El tribunal de instancia no excluyó la referida prueba documental ni convirtió la "*Moción de Desestimación*" en una solicitud de sentencia sumaria.

Las aludidas declaraciones juradas contienen expresiones de dos personas que colaboraron con el mantenimiento del parque en cuestión. De sus dichos se desprende que había individuos que entraban al parque y que existía una persona que se alojaba en el lugar. La parte apelante presentó la aludida documentación para apoyar su teoría de que el Municipio de Caguas incurrió en negligencia. Siendo así, nuestro ordenamiento jurídico establece como norma general que los casos con elementos subjetivos de negligencia no deben adjudicarse de forma sumaria. Es preciso señalar, que la referida norma no es de naturaleza absoluta ni de aplicación automática. Sin embargo, al evaluar las circunstancias particulares del presente caso, se desprende que el descubrimiento de prueba no ha concluido. Ello, unido a las alegaciones de

negligencia levantadas por la parte apelante, impide **en estos momentos** la adjudicación sumaria del pleito. Así pues, a tenor de lo establecido en *Torres Capeles v. Rivera Alejandro*, supra lo que procede en este tipo de casos es denegar la moción de desestimación y devolver el caso para la continuación del descubrimiento de prueba.

Nótese, que el remedio aquí conseguido está limitado a la cuestión de la procedencia de una adjudicación sumaria con una consecuencia desestimatoria. No estamos prejuzgando los hechos del presente caso. De igual modo, no estamos limitando o impidiendo que más adelante en el pleito las partes presenten las mociones dispositivas que tengan a bien presentar. a

**IV.**

Por los fundamentos que anteceden, revocamos la *"Sentencia"* dictaminada. En consecuencia, devolvemos el caso al tribunal de instancia para la continuación del descubrimiento de prueba y los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones