Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| OLGA L. GONZÁLEZ<br><br>Recurrida<br><br>v.<br><br>VF ALMINUM CORP;<br>VÍCTOR FLORES Y<br>OTROS<br><br>Peticionaria | TA2025CE00182 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de CAGUAS<br><br>Caso Núm.:<br>CD2024CV00341<br><br>Sobre:<br>Cobro de dinero (Regla 60) |
|---|---|---|

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2025.

El 23 de julio de 2025, VF Aluminum Corp. y el Sr. Victor Flores (en adelante de forma conjunta, los peticionarios) presentaron ante este Tribunal de Apelaciones una *Petición de Certiorari*. Mediante esta, nos solicitan la revocación de la *Resolución Interlocutoria* emitida el 5 de junio de 2025, y notificada el día 6, por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, TPI). Por virtud del aludido dictamen, el TPI se negó a desestimar la causa de acción que la Sra. Olga L. González (en adelante, señora González o recurrida) instó en su contra.

Estudiado el legajo apelativo, en consideración al derecho aplicable que más adelante exponemos, expedimos el auto de *certiorari* solicitado.

**-I-**

El pleito de epígrafe inició con la presentación por derecho propio de una Demanda Sobre Cobro de Dinero al amparo de la Regla 60 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 60, contra VF Aluminum Corp. (en adelante, VF). En esta, se estableció que VF le adeudaba a la recurrida $4,700.00 en concepto de puertas. Igualmente, se expuso que "[l]a razón de

que no puedo mandar a hacerlas es que mi casa tiene que ser demolida y yo le llevé la certificación al dueño del Ing. Estructural donde tienen que demoler mi casa está mal construida. Tengo evidencia de toda la documentación."

En lo concerniente a la controversia traída ante nos, el 10 de diciembre de 2024, el Sr. Víctor Flores (en adelante, señor Flores), acudió al TPI mediante *Moción de Desestimación*. Allí, informó haber recibido notificación de la demanda junto con una citación. Asimismo, indicó que el caso tenía como base un contrato otorgado entre la recurrida y VF en el que no compareció por lo que incluirlo en el reclamo fue frívolo y temerario.[1]

Conforme arroja el expediente, el TPI celebró audiencia el 12 de diciembre de 2024 y el 13 de febrero de 2025. Luego, el 31 de marzo de 2025, los peticionarios presentaron *Moción en Solicitud de Desestimación Bajo la Regla 10.2 de las de Procedimiento Civil de Puerto Rico*. En esta, reclamaron que, aun tomándose como ciertas todas las alegaciones de la demanda, esta dejaba de exponer una reclamación que justificara la concesión de un remedio a favor de la recurrida. Ello así, pues:

(1) la negligencia de terceros en una obra de construcción no puede servir para sostener la causa en cobro de dinero instada en su contra;

(2) en ningún momento se ha negado a fabricar o entregar las puertas contratadas, por lo que no aplicaba la doctrina de enriquecimiento;

(3) el contrato establece que no habría devolución de dinero en órdenes canceladas; y

(4) la propia demandante reconoció la inexistencia de una causa de acción contra el señor Flores.

El 7 de abril de 2025, la recurrida se opuso a esta moción dispositiva. Allí, admitió que "[e]stá claro que VF Aluminum Corp. no construyó ni provocó que se tenga que demoler la casa de la demandante." No obstante, afirmó que "la circunstancia de que la casa se tiene que demoler incide en la imposibilidad de tener donde instalar las puertas." Así, ripostó que,

---

[1] En cuanto a este escrito, el 11 de diciembre de 2024, el TPI dictó orden que lee: Se recibe. Luego, el 17 del mismo mes y año, concedió 20 días a la recurrida para expresarse en cuanto a este escrito.

aunque el contrato establecía que no se devolvería el dinero si la orden se cancelaba, no podía ignorarse que dicho acuerdo era un contrato de adhesión. Por tanto, y en reclamo a la amplia jurisprudencia en cuanto a la interpretación de este tipo de acuerdo, planteó que la cláusula en cuanto a la no devolución de dinero debía declararse nula.

Asimismo, esbozó que, por circunstancias ajenas a la voluntad de las partes, en el caso uno de los requisitos de todo contrato dejó de existir. Entiéndase, la causa. Habida cuenta de ello, arguyó que había una razón adicional por la que el acuerdo podía anularse. Por último, expuso que acoger la interpretación de la cláusula según proponían los peticionarios, sería avalar un enriquecimiento injusto a su favor. Ello, pues en el caso de epígrafe VF recibiría $4,700.00 por una orden de puertas **que no han sido fabricadas ante la falta de las medidas finales**.

El 5 de junio de 2025, el TPI emitió la resolución recurrida. Inconforme, VF sometió *Moción en Reconsideración según la Regla 47 de las de Procedimiento Civil de Puerto Rico*. El 21 de junio de 2025, notificada el 23, el foro primario emitió *Orden* en la que se negó a reconsiderar. En desacuerdo aun, los peticionarios instaron el recurso de epígrafe y señalaron la comisión de los siguientes errores:

> **PRIMER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR EN SU RESOLUCIÓN DEL 5 DE JUNIO DE 2025 Y LA RECONSIDERACIÓN DEL 20 DE JUNIO DE 2025, LA SOLICITUD DE DESESTIMACIÓN DE LA PARTE CODEMANDADA VÍCTOR FLORES, EN SU CAPACIDAD PERSONAL, TODA VEZ QUE NO ES PARTE EN EL CONTRATO SUSCRITO ENTRE LAS PARTES Y TIENE PERSONALIDAD JURÍDICA INDENPENDIENTE A LA ENTIDAD JURÍDICA CODEMANDADA VF ALUMINUM CORP.

> **SEGUNDO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN DE LA PARTE CODEMANDADA VF ALUMINUM CORP. CUANDO NO EXISTE UNA DEUDA LÍQUIDA, VENCIDA Y EXIGIBLE PUESTO QUE VF ALUMINUM CORP. NO HA INCUMPLIDO SU CONTRATO

Atendido el escrito, el 14 de agosto de 2025 emitimos *Resolución* mediante la que establecimos que la recurrida tenía hasta el 19 de agosto de

2025, para exponer su posición sobre el mismo. En cumplimiento con lo ordenado, compareció el 18 de agosto de 2025.

**-II-**

*-A-*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". BPPR v. SLG Gómez-López, 213 DPR 314, 335 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos

revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[2] BPPR v. SLG Gómez-López, *supra,* pág. 337. Estos criterios, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).

*B.*

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

(1) Falta de jurisdicción sobre la materia.
(2) Falta de jurisdicción sobre la persona.
(3) Insuficiencia del emplazamiento.
(4) Insuficiencia del diligenciamiento del emplazamiento.
(5) Dejar de exponer una reclamación que justifique la concesión de un remedio.
(6) Dejar de acumular una parte indispensable. *Íd.*

Al respecto, el más alto foro ha expresado que, al resolverse una moción de desestimación en virtud de esta Regla, "los tribunales están obligados a tomar como ciertos […] todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente. Díaz

---

[2] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Vázquez v. Colón Pena, 2024 TSPR 113, 214 DPR ____, al citar a Eagle Security v. Efrón Dorado et al., 211 DPR 70, 83 (2020). Para que una parte demandada prevalezca al presentar una moción de desestimación en virtud de la discutida Regla, debe establecer "con toda certeza que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor". Díaz Vázquez v. Colón Pena, *supra,* pág. 1150.

Esto, pues lo que se ataca es un vicio intrínseco de la demanda, no los hechos aseverados. *Id.* En ese sentido, la demanda no deberá desestimarse a menos que la razón para solicitar el remedio no proceda bajo el supuesto de derecho alguno, ni pueda ser enmendada para subsanar cualquier posible deficiencia. *Id.,* al mencionar a Pressure Vessels P.R. v. Empire Gas P.R., 137 DPR 497 (1994).

**-III-**

Luego de una evaluación pormenorizada del expediente, no cabe duda de que el *certiorari* es el vehículo adecuado para atender la cuestión planteada, pues trata de la revisión de una decisión interlocutoria mediante la que se denegó una moción dispositiva. En la misma, el TPI se negó a desestimar la causa de acción en cobro de dinero instada por la recurrida al amparo de la Regla 10.2 de Procedimiento Civil, *supra*. Por estar íntimamente relacionados, procederemos a discutir los errores conjuntamente.

A los fines de impugnar esta decisión, VF, en síntesis, reproduce ante nos los mismos planteamientos levantados ante el foro primario. Así, afirma no ser responsable de la necesidad de demoler la residencia de la recurrida. Ante ese hecho, indica que no puede imputársele violentar el contrato suscrito entre las partes. A su vez, menciona que el contrato contenía una cláusula en la que claramente se establecía que no habría

devolución de dinero en caso de cancelarse la orden. Reclama que, al no existir deuda alguna, la parte recurrida no tiene derecho a compensación alguna debiéndose desestimar el pleito.

A su vez, y en cuanto al señor Flores, enuncia que en varias ocasiones se solicitó al tribunal que desestimara la demanda en su contra y que, pese a que la propia recurrida aceptó no tener una reclamación en su contra, no lo ha hecho. Asevera que esta negativa a desestimar, es un error y constituye abuso de discreción.

Como correctamente enuncian los peticionarios, con fecha del 21 de diciembre de 2024, la señora González sometió un escrito por derecho propio mediante el cual estableció que luego de haberse asesorado, entendía que no existía reclamo contra el señor Flores. En la súplica de tal escrito, solicitó que se entendiera por desistida la acción contra el señor Flores y que continuara su reclamación contra VF. Al ser así, el TPI debió desestimar la demanda contra el señor Flores, cosa que no hizo. Por consiguiente, cometió el primer error al no hacerlo. En consecuencia, expedimos el auto de *certiorari,* y revocamos esta decisión. **Así pues, desestimamos con perjuicio la causa de acción en cobro de dinero de la recurrida contra el señor Flores.**

Ahora, los argumentos formulados por los peticionarios contra la determinación de no desestimar la reclamación contra VF no nos persuaden a ejercer nuestra función revisora discrecional e intervenir con tal decisión. Así, dada las circunstancias específicas que rodean el caso,[3] no encontramos que el remedio sea contrario a derecho y no intervendremos sobre este asunto en particular.

**-IV-**

---

[3] Especialmente, el que, en la causa de epígrafe, las puertas ordenadas por la recurrida-contrario a las ventanas- **no han sido fabricadas**, pues las medidas en las que serían preparadas quedaron pendiente a la terminación de una obra de construcción.

Por los fundamentos anteriormente expuestos, expedimos el auto de *Certiorari*, Así pues, revocamos en parte la *Resolución Interlocutoria* emitida en el caso con fecha del 5 de junio de 2025, a los fines de desestimar la reclamación en cobro de dinero instada contra el señor Flores y se mantiene en cuanto a VF Aluminum Corp.

Por consiguiente, se devuelve el caso al Tribunal de Primera Instancia, Sala de Caguas, para la continuación de los procedimientos conforme lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones