Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| ROLANDO BARREIRO VÁZQUEZ<br><br>Apelante<br><br>v.<br><br>ONELL MONTALVO, TENIENTE y otros<br><br>Apelados | TA2025AP00269 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2024CV06530 (401)<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

### SENTENCIA

En San Juan, Puerto Rico, a 9 de octubre de 2025.

Comparece ante nos, por derecho propio, e in forma pauperis, el señor Rolando Barreiro Vázquez ("señor Barreiro Vázquez" o "Apelante") mediante *Apelación* recibida el 4 de agosto de 2025. Nos solicita la revisión de la *Sentencia Parcial* dictada el 3 de julio de 2025, notificada el 7 de julio del mismo año por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario desestimó, la causa de acción que instó el Apelante contra Onell Montalvo ("señor Montalvo"), Víctor Maldonado Vázquez ("señor Maldonado"), Edward Pabón Quiñones ("señor Pabón"), Damaris Robles Domínguez (señor Robles"), Johnwill Meléndez Avilés ("señor Meléndez"), Víctor Calleja Peña ("señor Calleja") y Rafael Cruz Quintana ("señor Cruz"), (en conjunto, "los Apelados" o "los funcionarios") en su carácter personal.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen apelado.

**I.**

Surge del expediente que, el 9 de septiembre de 2024, el señor Barreiro Vázquez instó un documento intitulado *Demanda por no Brindar Servicios Fundamentales y Esenciales.*[1] Mediante este, el Apelante demandó, en su carácter personal, a los siguientes funcionarios:

1. Onell Montalvo, demandado por sus funciones como Oficial Correccional en la Institución Bayamón 501 del Departamento de Corrección y Rehabilitación.

2. Víctor Maldonado Vázquez, demandado por sus funciones como Superintendente de la Institución Bayamón 501 del Departamento de Corrección y Rehabilitación.

3. Edward Pabón Quiñones, demandado por sus funciones como líder recreativo en la Institución Bayamón 501 del Departamento de Corrección y Rehabilitación.

4. Damaris Robles Domínguez, demandada por sus funciones como Coordinadora Regional de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación.

5. Johnwill Meléndez Avilés, demandado por sus funciones como Oficial Correccional en la Institución Bayamón 501 del Departamento de Corrección y Rehabilitación.

6. Víctor Calleja Peña demandado por sus funciones como Coordinador de Boxeo en la Institución Bayamón 501 del Departamento de Corrección y Rehabilitación.

7. Rafael Cruz Quintana, demandado como líder recreativo en la Institución Bayamón 501 del Departamento de Corrección y Rehabilitación.[2]

De igual forma, el Apelante incluyó en su reclamación al Departamento de Corrección y Rehabilitación ("DCR") y al Estado Libre Asociado de Puerto Rico ("ELA"). Asimismo, el señor Barreiro Vázquez sostuvo que comparecía por derecho propio, en calidad de indigente, detalló que era miembro de la población correccional y que se encontraba recluido en la Institución Bayamón 501. En lo pertinente, alegó que los funcionarios previamente mencionados le negaron servicios de recreación a los cuales aludió tenía derecho.

---

[1] Véase, SUMAC TPI, Entrada 1.
[2] Además de los funcionarios previamente nombrados, de la *Demanda* surgen dos demandados adicionales, a saber, "el Ofic. Cruz" y el "Ofic. Bermúdez" quienes no comparecieron ante esta Curia.

En vista de lo anterior, el señor Barreiro Vázquez solicitó que se le reanudaran los servicios de recreación los siete (7) días de la semana. Además, solicitó que el señor Montalvo fuera removido de su puesto y que este funcionario le indemnizara en daños y perjuicios con una cuantía ascendiente a cuarenta y cinco mil dólares ($45,000.00) por violación a sus derechos civiles. De la misma forma, el Apelante solicitó al señor Pabón Quiñones, cincuenta mil dólares ($50,000.00); al señor Cruz y al señor Meléndez, veinte mil dólares ($20,000.00) cada uno; a la señora Robles treinta y cinco mil dólares ($35,000.00) y al ELA noventa mil dólares ($90,000.00). Todas las cuantías antes mencionadas fueron reclamadas por "violaciones de derechos civiles y constitucionales".[3]

En respuesta a estas alegaciones, el 30 de enero de 2025, los Apelados comparecieron, en su carácter personal, mediante *Moción de Desestimación*.[4] Por virtud de este escrito, esgrimieron que en este caso aplicaba la inmunidad de los funcionarios públicos, pues las alegaciones que pesaban en contra de éstos, giraban en torno al "descargo de sus deberes y responsabilidades como funcionarios del Departamento de Corrección y Rehabilitación de Puerto Rico".[5] Además, abundaron que la demanda no exponía alegaciones específicas de carácter personal. Como corolario de lo anterior, los funcionarios solicitaron la desestimación de la demanda en cuanto a las reclamaciones hechas en su carácter personal.

Atendido este escrito, el 2 de febrero de 2025, notificada el 5 de febrero del mismo año, el foro primario emitió *Orden* en la cual dispuso lo siguiente: "EXPONGA SU POSICIÓN LA OTRA PARTE EN 20 DÍAS".[6] Así pues, el 7 de marzo de 2025, notificada el 10 de

---

[3] Véase, SUMAC TPI, Entrada 1, págs. 15-17.
[4] Véase, SUMAC TPI, Entrada 34.
[5] *Íd.*, pág. 6.
[6] Véase, SUMAC TPI, Entrada 35.

marzo del mismo año, el foro *a quo* emitió *Orden* mediante la cual expuso: "[e]xaminado el caso como término vencido y en vista de que la parte demandante no ha presentado su posición según le fuera ordenado, se emite Orden sobre Conferencia Inicial [sic] y Manejo del Caso".[7]

En respuesta, el 3 de abril de 2025, el Apelante presentó escrito intitulado *Moción Responsiva*.[8] Entre otros asuntos, adujo el Apelante que la *Orden* notificada por el foro primario el 5 de febrero de 2025 fue recibida por este el 13 de febrero de ese año. De igual forma, alegó que se le dificultaba ser responsivo, pues no contaba con los sellos postales para poder enviar los documentos requeridos por el foro primario. Asimismo, admitió que incumplió con lo ordenado por el foro *a quo*, pero aclaró que "se estará enviando [sic] juntamente con esta moción para que cuente que estamos, est[á]bamos y estaremos en la misma posición de seguir hacia adelante con este caso".[9]

En igual fecha, el Apelante presentó escrito intitulado *Carta Informativa*.[10] Por virtud de esta, adujo que recibió la *Orden* emitida por el foro primario que le otorgaba veinte (20) días para exponer su posición. En ese sentido, expresó que su postura seguía siendo la misma, pues entendía en este caso había "pura negligencia institucional".[11]

Tras varios trámites procesales, el 17 de junio de 2025, el foro primario llevó a cabo una vista de conferencia inicial mediante videoconferencia. Conforme surge de la *Minuta* de dicha vista, tanto el Apelante como el resto de las partes de epígrafe comparecieron a la misma. De igual manera, de la *Minuta* se desprende lo siguiente:

> El Tribunal hace constar que la parte demandada
> presentó una solicitud de desestimación, de la cual no

---

[7] Véase, SUMAC TPI, Entrada 37.
[8] Véase, SUMAC TPI, Entrada 39.
[9] *Íd.*, pág. 3.
[10] Véase, SUMAC TPI, Entrada 40.
[11] *Íd.*, pág. 1.

se opuso la parte demandante.  Señala que la moción de desestimación fue resuelta sin oposición y se desestimó la demanda en cuanto a las partes en su carácter personal.

El señor Barreiro desconocía que tenía que contestar el escrito que se le envió y solicita se le otorgue un término de cinco (5) días para presentar su posición.  El Tribunal expresa que los términos ya transcurrieron y que se emitió dictamen con respecto al escrito, recalcando que la demanda es contra la Institución.  Indica que es la parte demandante quien tiene el peso de la prueba y a quien le corresponde informar si tomará deposiciones y cuál es la prueba que utilizará, de modo tal que pueda poner en posición a la parte demandada de determinar qué prueba requiere para refutar las alegaciones en la demanda, si alguna.[12]

Así las cosas, el 3 de julio de 2025, notificado el 7 de julio del mismo año, el foro primario emitió *Sentencia Parcial*.[13]  Por virtud de esta, el foro *a quo* dispuso lo siguiente:

Tomando como cierto[s] los hechos bien alegados de la Demanda dirigidos en contra de los funcionarios públicos Johnwill Meléndez Avilés, Damaris Robles Domínguez, Víctor J. Calleja Peña, Rafael Cruz Quintana, Edward Pabón Quiñones, Víctor Maldonado Vázquez y Onell Montalvo, en su carácter personal surge que no se expuso ningún hecho por el cual deban responder en su carácter personal.  Se desestima la Demanda incoada contra Johnwill Meléndez Avilés, Damaris Robles Domínguez, Víctor J. Calleja Peña, Rafael Cruz Quintana, Edward Pabón Quiñones, Víctor Maldonado Vázquez y Onell Montalvo, **en su carácter personal**.[14]

Por su parte, el 7 de julio de 2025, el Apelante presentó un documento intitulado *Solicitud*,[15] mediante la cual, peticionó que se le asignara un abogado de oficio.  Evaluado este escrito, el 8 de julio de 2025, notificada el 10 de julio del mismo año, el foro primario dispuso:  "NO SE ASIGNA ABOGADO DED [sic] OFICIO EN ESTE TIPO DE CASOS.  DEBE CONTRATAR ABOGADO O BUSCAR REPRESENTACIÓN EN LAS OFICINAS QUE OFRECEN SERVICIOS DE FORMA GRATUITA".[16]

---

[12] Véase, SUMAC TPI, Entrada 47.
[13] Véase, SUMAC TPI, Entrada 49.
[14] *Íd.*, pág. 4.
[15] Véase, SUMAC TPI, Entrada 50.
[16] Véase, SUMAC TPI, Entrada 52.

Inconforme, el 4 de agosto de 2025, el Apelante instó el recurso de epígrafe y formuló los siguientes señalamientos de error:

[E]rr[ó] al no darnos una oportunidad, como se le pidi[ó] el día 17 de junio de 2025 en nuestra primera vista para que fu[é]ramos responsivos a la moción de de[s]estimación que hiciera la defen[s]a de la parte demandada.

[E]rr[ó] al no brindarnos una defensa en este caso, hoy frente a su consideración de una moción para de[s]estimar por parte de la defen[s]a de los demandados, moción que sin duda no hubier[a]n dado [Ha] Lugar de haberme dado la oportunidad de contestar a la misma como lo hacemos para vuestro hon. en esta apelación por si fuera necesario o en [ú]ltima instancia si se nos hubie[s]e asignado una defen[s]a.

El 27 de agosto de 2025, esta Curia emitió *Resolución* en la cual se le concedió un término de diez (10) días al DCR para que se le proporcionara al Apelante la *Declaración en Apoyo de Solicitud para Litigar como Indigente (In forma Pauperis)*. Además, le concedimos a la Oficina del Procurador General un término hasta el 22 de septiembre de 2025 para que presentara su alegato en oposición.

Así pues, el 2 de septiembre de 2025, el Apelante presentó *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*, la cual fue declarada *Ha Lugar* por esta Curia el 5 de septiembre de 2025 mediante *Resolución*. Asimismo, oportunamente, los Apelados comparecieron mediante *Alegato en Oposición*. Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

**II.**

### A. *Desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil*

En nuestro esquema procesal, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar la desestimación de la acción legal antes de contestarla "cuando es

evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Inmob. Baleares et al. v. Benabe et al.* 214 DPR ___ (2024) 2024 TSPR 112, pág. 18 citando a *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio;** y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2. (Énfasis nuestro).

En lo pertinente, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, permite la desestimación de una demanda bajo el fundamento de que no expone una reclamación que justifique la concesión de un remedio. En este contexto, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda que hayan sido aseverados de manera clara y concluyente y, a su vez, considerarlos de la forma más favorables a la parte demandante. *BPPR v. Cable Media,* 215 DPR ___ (2025), 2025 TSPR 1, pág. 11.

No obstante, para que prevalezca una moción de desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*, esta "debe establecer con toda certeza que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor". *Díaz Vázquez et al. v. colón Peña et al* 214 DPR ___ (2024), 2024 TSPR 113, pág. 16. Tampoco procede la desestimación si el remedio no procede bajo ningún supuesto de derecho ni pueda ser enmendada para subsanar cualquier deficiencia. *Íd.*

Por otra parte, el tribunal debe examinar si "a la luz de la situación más favorable al demandante, y resolviendo toda duda a su favor, la demanda es suficiente para constituir una reclamación válida". *BPPR v. Cable Media, supra*, pág. 12.

### B. La Doctrina de Inmunidad Condicionada

En nuestro ordenamiento jurídico se ha reconocido que "como cuestión de política pública es menester que los servidores públicos estén protegidos contra demandas presentadas en su contra por el hecho de haber ejercido de forma razonable y de buena fe funciones que contienen un elemento de discreción". *De Paz Lisk v. Aponte Roque*, 124 DPR 472, 495 (1989). Cónsono con lo antes expuesto, esta normativa "persigue que estos funcionarios actúen con libertad y tomen decisiones sin sentir presiones y amenazas contra sus patrimonios". *Íd.*

Como corolario de lo anterior, en nuestra jurisdicción se reconoce la doctrina de inmunidad condicionada a los funcionarios públicos ante reclamaciones por acciones de responsabilidad civil que puedan generar sus conductas en el desempeño de sus deberes oficiales. *García v. ELA*, 163 DPR 800, 820 (2005). Este tipo de inmunidad es separada y distinta a la inmunidad del Estado. *Romero Arroyo v. E.L.A.*, 127 DPR 724, 744 (1991). De esta forma, la inmunidad de los funcionarios públicos opera como una limitación sustantiva de la responsabilidad personal por daños en que puedan incurrir dichos funcionarios en el descargo de sus deberes y responsabilidades oficiales. *Íd.*, pág. 745.

Ahora bien, es importante recalcar que la inmunidad condicionada "no cubre actuaciones dolosas, fraudulentas, maliciosas o delictivas en que puedan incurrir los fiscales, y el Secretario de Justicia, en la [investigación,] radicación y procesamiento de causas criminales". *In re Colton Fontan*, 128 DPR 1, 8 (1991) citando a *Romero Arroyo v. E.L.A., supra,* pág. 243.

### C. Reglamento de Abogados y Abogadas de Oficio

El Tribunal Supremo de Puerto Rico, en el ejercicio de su poder inherente para reglamentar la profesión de la abogacía, promulgó el *Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico* ("Reglamento") *In re Aprob. y Enmdas. Reglamentos TS*, 201 DPR 252 (2018). Estas reglas fueron promulgadas con el propósito de "implementar un sistema para la administración uniforme de las asignaciones de oficio en los procedimientos de naturaleza civil y penal aplicables". *Íd.*, pág. 271. A su vez "fomentará el trabajo *pro bono* y hará viable el cumplimiento de todo abogado y de toda abogada con su responsabilidad ética de ofrecer servicios legales libre de costo a personas indigentes". *Íd.*

Ahora bien, el Artículo 5 (b) del Reglamento, según enmendado, dispone lo siguiente

> (b) Procedimientos de naturaleza civil. Este Reglamento aplicará a los procedimientos judiciales de naturaleza civil en los cuales se haya reconocido el derecho a la asignación de representación legal a una persona natural, así como a aquellos en los que estén implicadas las necesidades fundamentales del ser humano, los cuales incluyen, entre otros que se puedan establecer mediante directriz por la Oficina de Administración de los Tribunales, los siguientes:
>
> (1) Sección 11 de la Ley de la Administración de Servicios de Salud Mental y Contra la Adicción, Ley Núm. 67-1993, según enmendada, 3 LPRA sec. 402j;
> (2) Artículos 3.06, 4.19 y 8.22 de la Ley de Salud Mental de Puerto Rico, Ley Núm. 408-2000, según enmendada, 24 LPRA secs. 6154e, 6155r y 6159u;
> (3) Artículos 4 y 21 de la Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores, Ley Núm. 121-2019.
> (4) Artículo 3 de la Carta de Derechos de las Víctimas y Testigos de Delito, Ley Núm. 22-1988, según enmendada, 25 LPRA sec. 973b;
> (5) Artículo 5 de la Carta de Derechos de las Personas Viviendo con VIH, Ley Núm. 248-2018, 1 LPRA sec. 528d;
> (6) Designación de incapacidad y nombramiento de tutor, sujeto a la inexistencia de bienes que denoten falta de indigencia;
> (7) Desahucio, cuando la parte demandada es inquilina que recibe beneficios públicos bajo programas de vivienda pública u otros análogos;
> (8) Desahucio en precario;
> (9) Ejecución de hipoteca;

(10) Habeas corpus;

(11) Privación de patria potestad, o

(12) Remoción o entrega voluntaria de menores. Véase, *In re Enmdas. Reg. Abo. Oficio PR*, 203 DPR 934, 936 (2020).

No empece lo anterior, el tribunal conserva discreción para asignar abogados de oficio en ciertas circunstancias. Al respecto, el Reglamento dispone que:

De forma excepcional, este Reglamento también aplicará a los procedimientos judiciales no reconocidos de forma expresa en los incisos (a) y (b) de esta Regla cuando el tribunal considere que ordenar la asignación de oficio promueve la sana administración del sistema judicial y la equidad procesal entre las partes, en aras de garantizar el acceso a la justicia, conforme a los parámetros establecidos en este Reglamento. Antes de proceder con la asignación de un abogado o una abogada de oficio al amparo de este inciso, el tribunal considerará los factores establecidos en el inciso (d) de esta Regla y **requerirá a la parte indigente que demuestre las gestiones realizadas para obtener la representación legal de entidades que ofrecen servicios legales gratuitos y que tales servicios fueron denegados.** La asignación de oficio no se extenderá a procedimientos judiciales en los que el abogado o la abogada pueda recibir compensación mediante honorarios contingentes o de alguna otra manera. (Énfasis nuestro). Véase, *In re Enmdas. Reg. Abo. Oficio PR*, 203 DPR 934, 936-937 (2020).

Finalmente, la Regla 6 del Reglamento regula lo concerniente a la asignación de abogados de oficio a personas indigentes. Sobre este particular, se dispone que:

De igual forma, demostrada la indigencia y mientras esta subsista, a su discreción, el tribunal podrá asignar un abogado o una abogada de oficio a una parte promovida o promovente de una acción civil en la que están en controversia las necesidades fundamentales del ser humano, conforme a los parámetros establecidos en este Reglamento. **No obstante, antes de esta asignación, la persona indigente deberá demostrar al tribunal las diligencias realizadas para obtener representación legal de entidades que ofrecen servicios legales gratuitos en procedimientos de naturaleza civil y que el servicio fue denegado.** (Énfasis nuestro). Véase, *In re Enmdas. Reg. Abo. Oficio PR*, 203 DPR 934, 938 (2020).

### III.

En el caso que nos ocupa, el Apelante esboza como su primer señalamiento de error, que el foro primario erró al no otorgarle

oportunidad para responder la solicitud de desestimación interpuesta por los Apelados. Asimismo, esgrime como segundo error, que el que foro *a quo* incidió al no asignarle un abogado en este pleito. Veamos.

Se desprende del expediente que, el 30 de enero de 2025, los Apelados presentaron una solicitud de desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*. En esta, los Apelados solicitaron que se desestimara las reclamaciones en su carácter personal interpuesta por el Apelante en su demanda. Así las cosas, el 3 de febrero de 2025, el foro *a quo* le ordenó al Apelante replicar la solicitud de desestimación. No empece lo anterior, ello nunca ocurrió. Surge del expediente que el señor Barreiro Vázquez presentó varios escritos, incluso, uno reaccionando a la *Orden* emitida por el foro primario en la cual le solicitó su postura sobre la solicitud de desestimación incoada. No empece a ello, el señor Barreiro Vázquez no presentó escrito de oposición.

Cónsono con lo anterior, en la vista de conferencia inicial llevada a cabo el 17 de junio de 2025, el foro primario fue enfático en cuanto a que no le permitiría al Apelante replicar la solicitud de desestimación que había sido presentada meses atrás y que previamente le había ordenado al señor Barreiro Vázquez se expresara. De esta forma, el 3 de julio de 2025, notificada el 7 de julio del mismo año, el foro primario emitió *Sentencia Parcial* en la que declaró *Ha Lugar* la solicitud de desestimación presentada por los Apelados. Es menester recordar, que el mero hecho de que una persona se auto represente en un procedimiento de naturaleza civil, no lo exime de cumplir con las reglas procesales establecidas en nuestro ordenamiento jurídico. En ese sentido, somos del criterio de que el foro primario no abusó de su discreción al resolver la solicitud de desestimación sin un escrito de oposición presentado por el Apelante.

La demanda instada por el señor Barreiro Vázquez contenía alegaciones generales las cuales iban dirigidas a actuaciones de los Apelados en el descargo de la función oficial de éstos. Es harto sabido que, en nuestra jurisdicción, los funcionarios están "protegidos contra demandas presentadas en su contra por el hecho de haber ejercido de forma razonable y de buena fe funciones que contienen un elemento de discreción." *De Paz Lisk v. Aponte Roque*, *supra,* 495. En otras palabras, en el presente caso, aplica la doctrina de inmunidad condicionada a los Apelados, por lo que, en efecto, corresponde desestimar las reclamaciones que el Apelante instó en contra de éstos en su carácter personal.

Ahora bien, referente al argumento del Apelante en cuanto a que el foro primario no le asignó representación legal, es menester destacar que la petición del señor Barreiro Vázquez se realizó una vez la sentencia parcial fue emitida y notificada. Es decir, la solicitud del Apelante para que se le asignara un abogado fue tardía. En vista de la discusión que antecede, colegimos que los dos (2) señalamientos de error formulados por el Apelante no se cometieron. En ese sentido, corresponde confirmar la sentencia apelada.

**IV.**

Por los fundamentos anteriormente expuestos, **confirmamos** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones